JOHN MASSIMILIAN, by JOHN B. MASSIMILIAN, His Guardian ad Litem, Respondent, *v.* BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF NIAGARA FALLS, NEW YORK, Appellant, Impleaded with MAURICE M. ABBOTT, Defendant.

JOHN B. MASSIMILIAN, Respondent, *v.* BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF NIAGARA FALLS, NEW YORK, Appellant, Impleaded with MAURICE M. ABBOTT, Defendant.

Fourth Department, March 5, 1941.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert* and *George R. Rayner, Jr.*, of counsel], for the appellant.

*Hugh B. Chace, Jr.*, for the respondents.

HARRIS, J. The question now before us is whether section 569-a of the Education Law (Laws of 1937, chap. 887) gives to the plaintiff or one similarly situated, a cause of action against the board of education or trustees of a school district, or whether such statute is intended to be a means of indemnification from personal financial loss of the negligent actor mentioned in section 569-a of the Education Law. Such section of the Education Law is as follows: " Notwithstanding any inconsistent provision of law, general, special or local, or the limitation contained in the provisions of any

city charter, it shall be the duty of each board of education, trustee or trustees, in any school district having a population of less than one million to save harmless and protect all teachers and members of supervisory and administrative staff from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to any person within or without the school building, provided such teacher or member of the supervisory or administrative staff at the time of the accident or injury was acting in the discharge of his duties within the scope of his employment and/or under the direction of said board of education, trustee or trustees; and said board of education, trustee or trustees may arrange for and maintain appropriate insurance with any company created by or under the laws of this State, or in any insurance company authorized by law to transact business in this State, or such board, trustee or trustees may elect to act as self-insurers to maintain the aforesaid protection." Its construction and its application herein are made necessary by the appeal of the board of education defendant from a Special Term order which denied the application of such defendant made under rule 106 of the Rules of Civil Practice, to dismiss the " Second Separate and Distinct Cause of Action " as set forth in paragraphs numbered " Twelfth " and " Thirteenth " of the plaintiff's complaints. The first cause of action in each of such complaints alleges that defendant board is a municipal corporation, the infant plaintiff was a student enrolled in a school operated by the defendant board in which school the individual defendant was a teacher in the employ, and under the supervision, of such defendant board, and that while the said infant plaintiff was attending a class under the guidance of the individual defendant, through the negligence of the individual defendant, injury came to the infant plaintiff. No attack has, so far, been made on such first cause of action.

Paragraphs Eleventh, Twelfth and Thirteenth stated in each second cause of action, which cause of action is attacked, repeats in so far as paragraph Eleventh is concerned, the legal existence of the defendant board, the employment of the individual defendant, the attendance of the infant-plaintiff as a student and injury to him as set forth in the first cause of action; paragraphs Twelfth and Thirteenth of such second cause of action as contained in the complaints are quoted as follows:

" *Twelfth.* Upon information and belief that at the time of the said injury to the plaintiff as aforesaid, the said defendant Maurice M. Abbott, was acting in the discharge of his duties as a teacher within the scope of his employment and/or under the direction of

the said Board of Education of the School District of the City of Niagara Falls, New York.

" *Thirteenth.* That by virtue of the laws of the State of New York in such case made and provided, the defendant Board of Education of the School District of the City of Niagara Falls, New York, is liable to indemnify and save harmless the defendant Maurice M. Abbott of and from any liability arising by reason of the negligent acts of the said Maurice M. Abbott as aforesaid."

In denying the motion of the defendant board for the dismissal of such second causes of action the court below, using as an authority the construction of section 50-d of the General Municipal Law given by the Court of Appeals in *Derlicka* v. *Leo* (281 N. Y. 266), held that the adoption of section 569-a of the Education Law created a new remedy in favor of the plaintiff against the defendant board, and, therefore, the court below left the complaint intact. The defendant-appellant on this review contends that the portion of the Education Law under discussion by its language and its purport can be regarded only as a statute of indemnification for the teacher or other negligent actor covered by such statute, and that such statute does not create a new cause of action in favor of the plaintiffs herein or one similarly situated.

In examining the statute under review in an endeavor to ascertain if possible the legislative intent, search has been made of the records of the Legislature and as to the action of the Governor in approving the statute to see if such records and memorandum of approval give any indication as to what the actual intent of the Legislature was in enacting this statute. Such search shows that at no time from the introduction of the bill to the time of its approval as a statute was there any statement, discussion or debate as to its purport. The only records that have been found are: (1) The statement in the New York Legislative Record and Index which, in reference to chapter 887 of the Laws of 1937, describes the proposed new section of the Education Law as " requiring education board and trustees * * * to protect teachers * * * against claims for personal injuries * * * and to arrange for insurance " therefor; and (2) the heading of the statute as enacted which heading is as follows: " An act to amend the Education Law, in relation to the liability of a board of education, trustee or trustees." "

The language used in section 569-a of the Education Law is entirely different from that used by the Legislature in enacting sections 50-a to 50-d of article 4 of the General Municipal Law. Each of such sections of the General Municipal Law specifically provides that liability is assumed by the municipality. (*Derlicka* v. *Leo*, 281 N. Y. 266; *Kosiba* v. *City of Syracuse*, 260 App. Div.

557.) The statute now requiring construction by us uses the verbiage " to save harmless and protect all teachers * * * from financial loss * * *." When the Legislature enacted this statute the provisions of the General Municipal Law, to which reference is made above, had already been put on the statute books. (§ 50-a, added by Laws of 1936, chap. 100; formerly Highway Law, § 282-g, added by Laws of 1929, chap. 466; §§ 50-b and 50-c, added by Laws of 1936, chap. 323; § 50-d, added by Laws of 1937, chap. 483.) It is to be presumed that the Legislature in enacting section 569-a of the Education Law had in mind the language used in sections 50-a to 50-d of the General Municipal Law, and yet chose to use the language of section 569-a of the Education Law.

We are led to the conclusion that the Legislature intended to and did use language that put into effect protection of the teacher and other employee actor, and not language intended to protect and give a cause of action to the injured person. Section 569-a of the Education Law is clearly a statute for the benefit of the employee and the pleading of the same and the proof of it on trial may prejudice the defendants herein. The second cause of action in each complaint and the allegations thereof should be stricken from the complaints. The order from which appeal is taken should be reversed on the law, with ten dollars costs and disbursements, and the motion made below should be granted, without costs.

All concur, except DOWLING, J., who dissents and votes for affirmance in a memorandum. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

DOWLING, J. (dissenting). I cannot see any essential distinction between the provisions of section 50-d of article 4 of the General Municipal Law and section 569-a of article 20 of the Education Law so far as giving a new remedy against the municipality or board of education for injuries suffered by an innocent third party is concerned. Under section 50-d a new remedy has been afforded. (*Derlicka* v. *Leo*, 281 N. Y. 266, 268.) Distinction is sought to be made on the theory that the municipality under section 50-d has assumed liability, while under section 569-a the board of education is merely required " to save harmless and protect " the teacher in case he has been compelled to pay anything to a pupil who has been injured through his negligence. I think section 569-a gives to the pupil, who has been injured by the negligence of his teacher, a new remedy against the board of education to recover for the damages suffered regardless of the teacher's ability to pay. The obligation of the municipality under section 50-d is merely " to

save him [the physician or dentist] harmless " from financial loss. In other words, under section 50-d, there is no general assumption of liability upon the part of the municipality for the malpractice of physicians and dentists who may treat inmates of public institutions. Under section 569-a, the board of education is required " to save harmless and protect all teachers * * * from financial loss." I think the expression " to save harmless and protect " should be construed to mean to assume liability so far as to save harmless all teachers, etc. The object of both sections is to give the third party a new remedy directly against the municipality or the board of education as the case may be. The order should be affirmed.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs.