ROBERT E. LEE, an Infant, by MARGARET J. LEE, as Successor Guardian ad Litem, and Others, Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, ALBERT SELKIN and LOUIS SELTZER, Respondents.

First Department, November 28, 1941.

*Herman Mendes* of counsel [*Louis Ferkin*, attorney], for the appellants.

*Charles F. Murphy* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents The Board of Education of the City of New York and Albert Selkin.

*Philip J. O'Brien* of counsel [*Leo M. Brimmer*, attorney], for the respondent Louis Seltzer.

DORE, J.  The infant plaintiff, a boy of fourteen years, a pupil of James Monroe High School, Bronx, New York city, on the morning of September 23, 1937, was playing association football with his classmates as part of his required physical training curriculum in the public highway adjacent to the school, under the supervision of a physical training instructor, defendant Selkin, employed by defendant The Board of Education of the City of New York.  In the course of the football game an automobile driven by defendant Seltzer, passing over the highway, came in contact with the boy, fracturing his right ankle and left thighbone. The infant and his guardians sued the teacher, the board of education and the driver of the car.

At the end of plaintiffs' case before the court and a jury ,the court dismissed the complaint against the teacher and the board of education.  The case went to the jury against defendant Seltzer.  As against Seltzer plaintiffs contended the accident and injuries were caused by his negligence in operating the car, without

any contributory negligence on the infant plaintiff's part. Seltzer claimed he was driving through the roadway, marked a school street, at eight or ten miles an hour; that, when he saw the boys playing football in the highway, he blew his horn ten or twelve times and that the accident happened because the infant plaintiff, running backwards after the football in play, came in contact with the left front fender of the car and fell to the ground. The jury found a verdict of $500 in favor of the infant plaintiff and $800 in favor of his parents.

There is no appeal from that portion of the judgment in favor of the infant's parents based on the verdict of $800 against Seltzer. Defendant Seltzer did not appeal from the verdict of $500 against him in favor of the infant. The infant appeals from that part of the judgment based upon the verdict of $500 in his favor against defendant Seltzer on the ground that the verdict is grossly inadequate. All plaintiffs appeal from that portion of the judgment dismissing the complaint against defendants the board of education and Albert Selkin and from an order directing an award of costs in favor of said defendants.

On the infant plaintiff's appeal from the verdict of $500 in his favor on the basis of inadequacy we think the judgment should be reversed as the verdict was inadequate, contrary to the evidence and evidently the result of a compromise. Such compromise may have been induced by the nature of the testimony as to how the collision between the boy and the automobile actually occurred. As defendant Seltzer, however, did not appeal, we are not required to pass upon the weight or sufficiency of the evidence on the issue of liability against him.

The boy had a comminuted fracture at the junction of the upper and middle third of his left thighbone and a fracture of the right ankle. A permanent shortening of the left leg was also claimed. The boy was confined to a hospital for eight weeks. Assuming, as we must in the absence of any appeal by Seltzer, that there was sufficient evidence to establish liability, it is clear the verdict was wholly inadequate and contrary to the evidence, and on that appeal the judgment must be reversed and a new trial ordered.

We think, too, in view of all the facts and circumstances disclosed in plaintiffs' *prima facie* case, that the court erred in dismissing the complaint against defendants the board of education and Albert Selkin, the teacher of physical training. Decisions holding that the principle of *respondeat superior* may not apply against the board of education where the fault complained of was essentially that of a teacher are no longer controlling in view of the provisions of section 881-a of the Education Law (added

by Laws of 1937, chap. 884), in effect June 4, 1937, several months prior to the alleged negligence herein. The new section provides that in a city of a population of 1,000,000 or more the board of education " shall be liable for " and shall assume liability to the extent of saving harmless any duly appointed member of its teaching staff for damages arising out of the negligence of its employee resulting in personal injury within or without the school buildings, provided the employee at the time was acting in the discharge of his duties and within the scope of his employment. There is no proof that the teacher was not acting in discharge of his duties within the scope of his employment.

At the time the accident happened, it should be noted, the boy was not playing in the public highway at his own election. Just before the game he had completed his first class in the school and went to the gymnasium for his physical training period, a part of his required compulsory instruction. By direction of the teacher in charge of the class he was then sent out with about twenty other boys to the highway, Crosby avenue, between Eastern boulevard and Baisley avenue, and directed to play association football as part of his required physical training period.

The street was not marked a play street, but police stanchions were at both ends marked " School street, ten miles an hour." During the game defendant Selkin, the physical training instructor, walked up and down on the adjacent sidewalk watching and supervising the play. He had a whistle which could be used to designate the end of a playing period or to give warning of approaching vehicles.

On this part of their school activity, as in all the other branches of the curriculum, the pupils were expected to concentrate during the period of instruction, and it is likely that the concentration during this period would be more intense than in others less interesting. As the street was marked a school street it was known to the teacher and to the board of education, his employer, which has assumed responsibility for his negligence, that traffic was not eliminated from the highway.

In *Hoose* v. *Drumm* (281 N. Y. 54, 57, 58) the teacher's duty to his pupils was defined in the following language: " Teachers have watched over the play of their pupils time out of mind. At recess periods, not less than in the class room, a teacher owes it to his charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances."

Under all the facts and circumstances disclosed we think plaintiffs established enough to raise an issue of fact for the jury as to whether defendants were negligent in compelling the boy with

his classmates to conduct their physical training period in a public highway through which automobiles and other vehicles were in the normal course of events expected to pass. Liability would depend upon all the circumstances disclosed by the credible evidence at the close of the whole case. If, for example, the board of education, acting through a teacher, were to compel a physical training class to engage in a game of football on Forty-second street, Manhattan, during a congested traffic hour, it would be using language with great reserve to say that at least an issue of fact would be raised as to whether the teacher used the reasonable care that one of ordinary prudence would observe in comparable circumstances. The contrast between the hypothetical case and the facts in the case before us is only one of degree. While there was no testimony adduced as to the extent of traffic normally found at the time and place at which the game was engaged in, the proof shows there was traffic and that automobiles were not prohibited from the place where the boys were compelled to exercise during their physical training period.

Plaintiffs offered testimony to show that there was a playground space within the school grounds which could be and was intended to be used for physical training classes but which defendant board of education negligently permitted the teachers to use for parking automobiles. All of this proof was excluded. While some of it was incompetent, the court erred in excluding all of such proof, and on a retrial proper proof of the physical layout of the school grounds and of the use made thereof should be permitted.

As we have determined, for the reasons stated, to reverse the judgment and direct a new trial, the question of costs in favor of defendants the board of education and Albert Selkin against plaintiff Margaret J. Lee is academic and that appeal should be dismissed.

The judgment appealed from, in so far as it directs dismissal of the complaint, with costs against defendants the board of education and Selkin, and in so far as it provides for a $500 award in favor of the infant plaintiff against defendant Seltzer, should be reversed and a new trial ordered on behalf of all plaintiffs against defendants the board of education and Selkin and on behalf of the infant plaintiff against defendant Seltzer, with costs to the appellants to abide the event. The appeal from the order directing that costs be awarded in favor of defendants the board of education and Albert Selkin should be dismissed, without costs.

O'MALLEY and COHN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to affirm.

Judgment, in so far as it directs dismissal of the complaint, with costs, against defendants the board of education of the city of New York and Albert Selkin, and in so far as it provides for a $500 award in favor of the infant plaintiff against defendant Louis Seltzer, reversed and a new trial ordered on behalf of all plaintiffs against the defendants the board of education of the city of New York and Albert Selkin and on behalf of the infant plaintiff against the defendant Louis Seltzer, with costs to the appellants to abide the event. Appeal from order directing that costs be awarded in favor of defendants the board of education of the city of New York and Albert Selkin dismissed, without costs.