WALLACE H. REEDER et al., Respondents, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Second Department, November 30, 1942.

*William C. Chanler, Corporation Counsel (Paxton Blair* and *Charles F. Murphy* of counsel), for appellant.

*Francis J. Nicosia* and *Hilliard Schulberg* for respondents.

JOHNSTON, J. The action lies in negligence. There is no substantial dispute as to the facts. Wallace H. Reeder, the infant-plaintiff, a pupil at the Brooklyn High School for automotive trades, at the request of his teacher assisted the latter in moving from one room to another an automobile motor which was mounted on a dolly. While thus engaged the motor became dislodged, severely injuring his hand. The infant-plaintiff seeks to recover damages for his injuries, while his father sues for medical expenses and loss of services. Both the teacher and the Board of Education were named as defendants, but before trial the action was discontinued against the former. The jury awarded the infant $5,000 and his father $200. The Board of Education appeals.

The sole question presented involves the construction of section 881-a of the Education Law (Cons. Laws, ch. 16; L. 1937, ch. 884), which reads as follows: "*Liability of boards of edu-*

*cation, in a city having a population of one million or more inhabitants.* Notwithstanding any inconsistent provision of law, general, special or local or the limitation contained in the provisions of any city charter, each board of education, in a city having a population of one million or more, shall be liable for, and shall assume liability to the extent that it shall save harmless any duly appointed member of the teaching or supervising staff, officer, or employee of such board for damages arising out of the negligence of any such appointed member, officer or employee, resulting in personal injury or property damage either within or without the school buildings, provided the appointed member, officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment."

The Board contends that assuming the teacher's negligence was the proximate cause of the injury, the statute merely affords indemnity by the Board to the teacher for any loss sustained by the latter due to his negligence. Plaintiffs urge that the statute imposes upon the Board direct liability to persons injured through the negligence of its teachers and other employees.

In my opinion the statute is unambiguous and leaves no room for judicial interpretation. It provides that the Board "* * *, *shall be liable for,* and shall assume liability to the extent that it shall save harmless any * * * employee of such board for damages arising out of" his negligence, provided at the time he was " acting in the discharge of his duties and within the scope of his employment." The object of the statute is twofold: *First,* to create direct liability upon the Board to the injured person for damages sustained through the negligence of the Board's employee; *second,* to impose liability upon the Board by way of indemnity to the employee in the event he suffers any loss by reason of his negligence. To limit the statute solely to indemnity to the teacher is to ignore its heading, to overlook its dual purpose and to disregard the four words "* * *, shall be liable for," and the emphasis given these words by their separation through the punctuation medium of commas.

The history of recent statutes imposing liability on municipalities for the negligence of their employees also indicates that section 881-a of the Education Law cannot be deemed to be a statute solely of indemnity for the benefit of their employees. In 1929 the Legislature enacted the first statute making a municipality liable to persons injured through the

negligence of its employees in operating a municipally-owned vehicle upon the highways of the municipality. (Highway Law, § 282-g; Cons. Laws, ch. 25; L. 1929, ch. 466, now General Municipal Law, § 50-a; Cons. Laws, ch. 24.) Indemnity to the employee was not mentioned. That statute was adopted "In response to a rising tide of criticism against the doctrine of sovereign irresponsibility * * *;" but while it "lifted the common-law immunity which had long protected municipalities, restraint still " remained, for " The Legislature has defined with care the limitations within which municipal liability may be predicated, * * *." Since the statute created a liability where otherwise none would exist, it was given a strict construction. (*Miller* v. *Town of Irondequoit,* 243 App. Div. 240, 241, 242; *Berger* v. *City of New York,* 260 App. Div. 402; affd., 285 N. Y. 723.) Accordingly, in the two cases cited, it was held that despite the statute a municipality was not liable to an injured person if the technical legal ownership of the vehicle was not in the municipality•even though it was being used by its employee in the performance of his public duties.

Because of the limitations contained in the 1929 statute, and the strict construction necessarily given to it by the courts, and, in furtherance of its policy, the Legislature consistently has enlarged the scope of the liability assumed by a municipality to the persons injured as well as to its negligent employees. Thus, section 50-b of the General Municipal Law (added by L. 1936, ch. 323) for the first time imposed dual liability on the municipality; *i. e.,* to pay damages to the person injured in the operation of a municipally-owned vehicle on the highway of the municipality through its employee's negligence, and to indemnify the employee for loss due to his negligence. Section 50-c of the General Municipal Law (added by chapter 323 of the Laws of 1936) imposes a similar dual liability on the part of the municipality for the negligence of its policemen and firemen in the operation of a vehicle upon the public highways of the municipality without regard to the ownership of such vehicle. Subsequently, the Legislature amended sections 50-a and 50-b of the General Municipal Law to permit recovery if the vehicle were operated in any part of the State. (L. 1940, ch. 687.)

The trend against the immunity of municipalities for the negligence of their employees has continued until "the now declared public policy of the State is that persons damaged by the torts of those acting as its officers and employees need not contribute their losses to the purposes of government." (*Sheehan* v. *North Country Community Hospital,* 273 N. Y. 163, 166;

cf. *Matter of Evans* v. *Berry,* 262 N. Y. 61, 70, 71.) Pursuant to that public policy the Legislature has enacted not only section 881-a of the Education Law, but other statutes which, in language similar if not identical to that used in section 881-a, expressly impose on the municipality or the Board of Education dual liability, first to the injured person, and then to the employee by way of indemnity. Section 881-b of the Education Law (L. 1937, ch. 215), imposes on the Board of Education in a city having a population of one million or more, liability to the injured person and (by way of indemnity) to the employee for damages arising out of the employee's negligence in connection with furnishing food, clothing and other necessaries to needy children attending school. Section 50-d of the General Municipal Law (L. 1937, ch. 483) imposes on the municipality direct liability for damages to the injured person and (by way of indemnity) to physicians and dentists arising out of their negligence or malpractice in institutions maintained in whole or in part by the municipality. " For the wrong done to the patient by the physician the statute creates a new remedy against the city in favor of the injured person." (*Derlicka* v. *Leo,* 281 N. Y. 266, 268.) (See, also, *Derlicka* v. *Leo,* 259 App. Div. 607; affd., 284 N. Y. 711.)

In *Lee* v. *Board of Education of City of New York* (263 App. Div. 23, 25, 26) the infant plaintiff, a pupil of a high school, while playing football in the public highway adjacent to the school was struck by an automobile and injured. The game, which was part of his required physical training curriculum, was under the supervision of a teacher employed by the Board of Education. He sued the teacher, the Board of Education and the operator of the automobile. In reversing a judgment of non-suit in favor of the teacher and the Board of Education, the First Department said: " Decisions holding that the principle of *respondeat superior* may not apply against the board of education where the fault complained of was essentially that of a teacher are no longer controlling in view of the provisions of section 881-a of the Education Law * * *."

Construing section 569-a of the Education Law, giving teachers in cities having less than one million population the same protection given by section 881-a to teachers in cities of over one million population, the Fourth Department held that the purpose of the statute was to indemnify the teacher and not to give a cause of action to the injured person. (*Massimilian* v. *Board of Education, etc., Niagara Falls,* 261 App. Div. 428, 431.) One justice dissented and held that the object of the

statute is to give the third party a new remedy directly against the Board of Education.

Appellant relies on *Sun Indemnity Co.* v. *Board of Education, N. Y. City* (264 App. Div. 73), recently decided by this court. The only question decided in that case was whether under section 881-a an insurance company, which had issued a liability policy to a teacher and satisfied a judgment against him, may invoke the principle of subrogation and recover from the Board of Education the amount paid. We held it could not. In the opinion it was stated the statute was passed "for the exclusive benefit of teachers" and, after citing the *Massimilian Case* (*supra*), it was also stated " There is some, but no real, distinction in the wording " of section 569-a and section 881-a of the Education Law. In my opinion there is a substantial distinction. Section 881-a provides that the Board "\* \* \*, shall be liable for," damages arising out of the employee's negligence, whereas section 569-a does not. But whether the distinction in the wording of the two statutes accomplishes a distinction in ultimate result we need not now decide. Suffice to say that the above statements in the opinion are *dicta* and we are in accord with the holding in the *Lee case* (*supra*).

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment unanimously affirmed, with costs.