ANNA SANDAK, an Infant, by MICHAEL SANDAK, Her Guardian ad Litem, Appellant, v. TUXEDO UNION SCHOOL DISTRICT No. 3, TOWN OF TUXEDO, Defendant, and MARION WHITE et al., Respondents.— In an action by the infant plaintiff to recover for personal injuries sustained during physical education activities in the gymnasium of a school maintained by defendant school district, which activities were then under the supervision of respondents, as teachers, the latter moved to dismiss the second cause of action — the only one alleged against them — on the ground of insufficiency in that it fails to allege that a notice of claim was served on respondents in compliance with subdivision 2 of section 3813 of the Education Law. The motion was granted. Order dismissing the second cause of action, and the judgment entered thereon, affirmed, with $10 costs and disbursements. No opinion. Wenzel, MacCrate, Schmidt and Beldock, JJ., concur; Nolan, P. J., dissents and votes to modify the order appealed from by adding a provision permitting an amendment of the second cause of action pleaded in the complaint, for the purpose of pleading the service of a notice of claim in compliance with section 50-e of the General Municipal Law, and to reverse the judgment, with the following memorandum: In this action against the defendant Tuxedo Union School District No. 3, Town of Tuxedo, and respondents, who are teachers, plaintiff asserts two causes of action. The first is against the school district alone and is based on alleged negligence by that defendant and its officers, agents and employees. The second cause of action is directed solely against the respondents, who were, at the time of the accident complained of, "teachers of physical education, employed as such by the corporate defendant", and is based on alleged negligence by such respondents in the performance of their duties in directing the activities of their pupils. In the first cause of action it is alleged that a duly verified notice of claim was

served on the defendant school district pursuant to the provisions of section 50-e of the General Municipal Law. No such allegation is contained in the second cause of action, which has been dismissed as insufficient for failure to allege service of such a notice on respondents, pursuant to the provisions of section 3813 of the Education Law. No permission has been given to plaintiff to plead over so as to allege as against respondents the service of the notice on the defendant school district, it being the opinion of the Special Term and the majority of this court that section 3813 of the Education Law requires that the notice be served on respondents, and that service on the defendant school district alone is insufficient. In my opinion the requirements of that statute have been sufficiently complied with if plaintiff has served the notice as she has alleged in her first cause of action. All that is required by section 3813 of the Education Law as a condition precedent to such an action is that *a* notice of claim shall have been served. Prior to the enactment of chapter 762 of the Laws of 1950, section 3813 of the Education Law provided that no action founded on tort should be prosecuted or maintained against a school district or board of education unless such a notice of claim should be served. Section 3022 (later numbered 3023) of the same statute, however, provided that it should be the duty of boards of education and trustees in school districts having a population of less than 1,000,000 to save harmless and protect teachers from financial loss arising out of such actions, provided such teachers were acting in the discharge of their duties within the scope of their employment and/or under the direction of such boards or trustees. (See, also, Education Law, § 2560, formerly § 2510.) As the statute then provided, actions could be commenced against school teachers for damages resulting from negligence in the performance of their duties, the boards of education or school trustees who employed them might be held liable for any judgments recovered therein, and no notice of any kind was required, as a condition precedent to such actions, if the boards of education or trustees were not made parties thereto. (See *Massimilian* v. *Board of Educ., Niagara Falls,* 261 App. Div. 428.) *Derlicka* v. *Leo* (281 N. Y. 266), cited at Special Term, does not pronounce a contrary rule. In that case it was held, although the action was against a physician employed by the City of New York, and the city was not joined as a party defendant, that the action could not be maintained, since no notice of intention to commence an action had been given the city. That determination was made, however, because the statute under which the action was brought (General Municipal Law, § 50-d) provided that such an action could be brought, whether commenced against the city or a physician subject to its provisions, only if such a notice should be given to the city. Prior to 1950, however, there was no requirement, under the Education Law, that notice of claim, or of intention to sue, should be served either on school districts, boards of education, trustees or teachers, in actions for damages alleged to have been sustained through the negligence of teachers, if the actions were commenced against the teachers alone. By chapter 762 of the Laws of 1950, sections 3813 and 3023 (formerly 3022) of the Education Law were amended. The amendment to section 3813 added a provision requiring the service of a notice of claim in actions founded on tort against teachers or members of supervisory or administrative staffs, where the alleged torts were committed by such teachers or members in the discharge of their duties. Section 3023 was amended (L. 1951, ch. 794) so as to provide that boards of education or trustees should be under no duty to save harmless or protect such teachers or members unless the teacher or member

served with a summons, complaint, process, notice, demand or pleading should deliver the original or a copy thereof to the board or trustees within ten days after service. The obvious purpose of these amendments was to protect school districts, boards of education and trustees against actions brought against their appointees, whom they were required to save harmless, by giving to such districts and boards an adequate opportunity to investigate the claims made therein and to take such steps as might be necessary to protect their interests. That purpose is served, particularly in an action to which a school district is made a party defendant, if the notice is served on the school district. No useful purpose would be served, nor would any additional protection be afforded the school district, by requiring an additional service on each of the teachers also named as defendants, and the statute does not so provide. Neither do the provisions of section 50-e of the General Municipal Law require such additional service. That section was enacted for the protection of public corporations (*Teresta* v. *City of New York,* 304 N. Y. 440, 443), and applies only to notices of claim *required by law* as a condition precedent to the commencement of actions against such corporations, or their officers, appointees or employees, for whose torts they may be held liable. In the instant case, the law requires that a notice of claim be served. The purpose of the statute is complied with if the notice is directed to the corporate defendant against which claim is made and is served on that defendant, and the language employed in the statute (General Municipal Law, § 50-e, subds. 3, 4) indicates that no additional service was contemplated or is required. Appellant should be permitted to amend her second cause of action so as to allege such service. [204 Misc. 178.]