■ THOMAS SHAW, an Infant, by ANNA SHAW, His Guardian ad Litem, et al., Appellants, v. VILLAGE OF HEMPSTEAD et al., Defendants, and BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 12 IN MALVERNE, Respondent. — In an action by an infant to recover damages for personal injury, and by his mother to recover damages for medical expenses and loss of services, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered October 10, 1962 after a trial upon a jury's verdict, as dismissed the complaint against the defendant Board of Education of Union Free School District No. 12. Judgment, insofar as appealed from, reversed, on the law, without costs; and, as to the said defendant Board of Education, action severed and a new trial granted. No questions of fact were considered. The learned Trial Justice instructed the jury that negligence on the part of any teacher who failed to discharge the duty of adequate supervision with respect to the infant plaintiff could not be imputed to defendant. Since this court decides an appeal upon the law as it currently exists (*Matter of Cutler* v. *Herman,* 3 N Y 2d 334, 338; *Matter of Kahn* [*National City Bank*], 284 N. Y. 515, 523), we are constrained to hold that the trial court was required to instruct the jury: (1) that the doctrine of *respondeat superior* applies to the defendant Board of Education in its relationship to teachers employed by it, and (2) that it may be derivatively liable for the negligence of its teachers (*Domino* v. *Mercurio,* 17 A D 2d 342; *Cianci* v. *Board of Educ. of City School Dist. of City of Rye,* 18 A D 2d 930). Though these latter cases were decided after the trial and were not available to the trial court, they pronounce the rule of law which, as already indicated, we must apply in this instance. The fact that any teacher, charged with neglect, was not made a party defendant is of no consequence. If joined, the teacher's presence as a party would be unnecessary and, in any event, perforce of new statutory changes the Board of Education would now have to indemnify the teacher for any financial loss arising out of a claim or judgment in negligence (*Scaduto* v. *Brentwood School Dist., Union Free School Dist. No 12, West Islip,* 19 A D 2d 861; *Sandak* v. *Tuxedo Union School Dist. No. 3,* 308 N. Y. 226; *Stearns* v. *Board of Educ. of City of Rochester,* 137 N. Y. S. 2d 711). Since the municipal corporation can act only by an agent, the negligence of the agent is imputable to the Board of Education as principal (*Friedman* v. *Board of Educ.,* 262 N. Y. 364; *Kosiba* v. *City of Syracuse,* 287 N. Y. 283). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.