18468

Albert John GALLOWAY, Respondent, v. SOUTHERN FARM BUREAU INSURANCE COMPANY, Appellant.

(147 S. E. (2d) 271)

*George W. Keels, Esq.,* of Florence, *for Appellant.*

*Messrs. Ernest L. Cook,* of Hartsville, and *James P. Mozingo, III,* and *D. Kenneth Baker,* of Darlington, *for Respondent,*

March 1, 1966.

LEGGE, Acting Justice.

This action on a policy of automobile liability insurance was tried, on a stipulation of facts, before the Honorable John Grimball, Judge of the Fourth Judicial Circuit, from whose adverse judgment the insurance company appeals.

Briefly stated, the facts as stipulated are as follows:

On February 16, 1962, the plaintiff Albert John Galloway was a passenger in the family purpose automobile of L. C. Tolson, whose son Darrell Tolson, in possession of it with his father's consent, had in turn let Raymond Wilkes drive it. As the result of Wilkes' reckless driving, the automobile overturned and Galloway was rendered a paraplegic. Darrell Tolson, who was also in the car, was killed. In his action to recover damages for his injuries thus caused, Galloway obtained a judgment against Raymond Wilkes in the amount of one hundred thousand ($100,000.00) dollars, from which an appeal, noted but not perfected, was dismissed.

At the time of the accident before mentioned, there were in force two policies of automobile liability insurance, identical in form, that had been issued by Southern Farm Bureau

Insurance Company, the defendant herein, to Raymond Wilkes' father, C. A. Wilkes, *viz*:

1. Policy No. S942964, covering a 1958 Ford sedan belonging to C. A. Wilkes, with liability limited to $10,-000.00 for injury to any one person and $20,000.00 for each accident; and

2. Policy No. S907980, covering a 1953 Chevrolet truck belonging to C. A. Wilkes, with like liability limits.

In May, 1963, the plaintiff Galloway brought action against the present defendant, alleging coverage under its Policy No. S942964; and at the conclusion of the evidence a verdict was directed in favor of the plaintiff. No appeal was taken, and the defendant paid the judgment, $10,000.00, with interest from the date of the verdict.

The present action seeks recovery under Policy No. S907-980 in the amount of $10,000.00, plus interest, to be applied against the judgment that plaintiff had obtained against Raymond Wilkes, which judgment was in excess of all insurance policies covering the accident in question.

It is admitted that Raymond Wilkes was at the time of the accident a minor dependent, and resident in the household, of his father, C. A. Wilkes, and that he was therefore an "insured" under the terms of policy No. S907980, which provided in part:

"VI. Use of Other Automobiles.

"If the named insured is an individual or husband or wife, and if during the policy period such named insured, or the spouse of such individual, owns a private passenger automobile or farm truck covered by this policy, such insurance as is afforded by this policy under Coverage A (Liability) * * * with respect to said automobile *applies with respect to the use of any other automobile,* subject to the following provisions:

"(a) under Coverage A * * *, the unqualified word 'insured' includes:

"(1) *such named insured and spouse and dependent children residing in the same household.*" (Italics ours.)

The policy in question also contained the following provisions as to "other insurance":

"2. Other Insurance.

"Coverage A, B, D and E. If the insured has other insurance against a loss covered by this policy, the Company shall not be liable under this policy for a greater portion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement *VIII* or other automobiles under Insuring Agreement *VI* shall be excess insurance over any other valid and collectible insurance."

Although not included in the stipulation of facts, it appears from the answer, and from the circuit decree, that there was a policy covering the Tolson automobile, and Raymond Wilkes as its driver, with liability limited to $10,000.00 which was paid to the respondent.

Appellant contends that since the insured, C. A. Wilkes, had other insurance (Policy No. S942964) against the loss covered by the policy in question (No. S907980), its liability under the latter has been discharged by the payment of the judgment of $10,000.00 in the 1963 action on the former. Such contention obviously is based upon the unsound premise that the "loss" to which the two policies were applicable did not exceed $10,000.00.

Respondent contends, on the other hand, and Judge Grimball held, that appellant's liability here is controlled by the *proviso* to the "other insurance" clause, which expressly declares that "the insurance with respect to * * * other automobiles under Insuring Agreement *VI* shall be excess insurance over any other valid and collectible insurance." In our opinion, affirmance of that holding requires neither

citation of authority nor recourse to the familiar rule whereby ambiguous provisions of a policy of insurance are to be construed in favor of the beneficiary. For the *proviso* just quoted is not ambiguous, and it is clearly applicable to the case in hand. The loss to which the policy is applicable, *i. e.,* the plaintiff's judgment in the amount of $100,000.00, exceeds the amount of all other insurance against such loss; the driver of the automobile, whose recklessness caused the loss, was an "insured" under the policy; the driver was operating an automobile other than that of the named insured, C. A. Wilkes, described in the policy; and by the plain language of the *proviso* relating to such other automobiles the coverage is "excess insurance".

Appellant may not, and indeed does not, invoke the *pro-rata* provision of the "other insurance" clauses with respect to Tolson's policy, because that policy was the primary coverage and liability thereunder was not on a parity with liability under appellant's policy, which was excess insurance, was not identical in scope with the former, and did not come into operation until the former had been exhausted. Coinsurance of the same risk is prerequisite to the right of contribution among insurers. *Laurens Federal Savings and Loan Ass'n v. Home Insurance Co. of New York,* 242 S. C. 226, 227, 130 S. E. (2d) 558; 29A Am. Jur., Insurance, Sections 1715, 1717. Its contention that the court erred in not applying the *pro-rata* clauses with respect to its two policies (S942964 and S907980) issued to C. A. Wilkes is obviously devoid of merit because, although all other valid and collectible insurance (the Tolson policy and appellant's policy No. S942964) has been paid and applied on the judgment for respondent's injuries, there remains unpaid of that judgment an amount greater than the coverage under Policy S907980 upon which this action was brought.

Affirmed.

Moss, Acting C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.