**DAVIS CONSTRUCTORS AND ENGINEERS, INC., a Corporation, Plaintiff,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Defendant and Third Party Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Third Party Defendant.**

**Civ. A. No. 2652-N.**

United States District Court, M. D. Alabama, N. D.

Dec. 31, 1968.

Charles E. Porter and William B. Moore, Jr., Montgomery, Ala., Oakley W. Melton, Jr., Montgomery, Ala., for Hartford.

Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for third party defendant.

## ORDER

PITTMAN, District Judge.

This action for declaratory judgment was filed by the plaintiff seeking to require the defendant Hartford to defend plaintiff Davis in an action filed in the state court against the plaintiff by an injured employee of defendant Jordan Construction. Plaintiff further asked that Hartford be required to pay any judgment which might be rendered against Davis in said suit.

This court dismissed the action against defendant Jordan in view of the pendency of the third-party complaint filed by Davis against Jordan in the state court.

Thereafter, defendant Hartford filed, in this court, a third-party complaint against U.S.F. & G. alleging that if Hartford is obligated to plaintiff Davis, such obligation would be secondary and excess only to the primary liability and coverage of U.S.F. & G. to Davis, and, therefore, that Hartford and U.S.F. & G. would be obligated to Davis on a pro rata basis.

The pertinent facts are as follows:

Plaintiff Davis is a general contractor. Plaintiff entered into a contract with with Avondale Mills for the construction of a new cotton spinning mill at Rockford, Alabama. Third-party defendant U.S.F. & G. furnished plaintiff Davis with a comprehensive general liability insurance policy which was in effect on February 13, 1966, the day of the accident here involved. Subsequent to this contract with Avondale Mills, plaintiff Davis entered into a sub-contract with the Jordan Construction Company for the masonry work called for in plaintiff's general contract with Avondale Mills. Defendant Hartford furnished Jordan

with a comprehensive liability insurance policy which was in effect on the day of the accident.

On or about February 13, 1966, one Herbert Taylor, an employee of Jordan, was injured when the scaffolding upon which he was working fell. This scaffolding had been erected by plaintiff Davis for use by the sub-contractor Jordan. Taylor filed suit in the Circuit Court of Montgomery County, Alabama, against Davis and two other defendants alleging that the state court defendants were in charge or control of the erection and maintenance of the scaffolding and that these defendants negligently erected or maintained the scaffolding in an unsafe condition for the use in which it was intended. Plaintiff Taylor further alleged that the defendants negligently failed to provide the plaintiff (Taylor) with a safe place to work by so negligently erecting or maintaining said scaffolding.

## I.

■ The threshold question is whether Hartford should be required to defend the suit filed by Taylor, an employee of the sub-contractor Jordan, against Davis, the contractor, in the state court.

There is no language in the sub-contract or the Hartford policy setting forth the duty of Hartford to defend Davis. Therefore, this court follows Miller & Co. v. L. & N. RR. Co., 328 F.2d 73 (5th Cir. 1964), wherein a contract with like omissions is interpreted. Judge Rives clearly sets out that the indemnitor " * * * has the option to take its chances and await the possible event of the liability * * * ", and he held there that the indemnitor was neither bound nor obligated to defend. This court holds that Hartford is not required to defend Davis.

## II.

■ The next question presented is whether Hartford should be required to pay any judgment which might be rendered against Davis in the suit in state court.

The contract between Davis and Jordan provides:

"Section 8. The sub-contractor will maintain such insurance as will protect him and the contractor from * * * claims for bodily injury * * * which may arise from operations under this contract. * * *

In accordance with the above, the following must be insured: *Indemnity Agreement.* The sub-contractor covenants to indemnify and save harmless and exonerate the contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the sub-contractor, its employees, agents or its sub-contractors, *and arising out of any any other operation no matter by whom performed for and on behalf of the sub-contractor, whether or not due in whole or in part to conditions, act or omissions done or permitted by the contractor or Owner.*"
(Emphasis added.)

Subsequent to this contract between Davis and Jordan, defendant Hartford furnished the insurance which Jordan agreed to maintain.

Defendant Hartford contends that the cause of the injury to Taylor was the negligence of the indemnitee Davis (faulty erection of the scaffolding). Therefore, defendant Hartford, as insurer of the indemnitor, Jordan, contends that the indemnity clause cannot be construed as requiring the sub-contractor to save the general contractor harmless against the consequences of its own negligence, and cites in support of this position, Batson-Cook Co. v. Industrial Steel Erectors, 257 F.2d 410 (5th Cir. 1958).

That case set out the rule:

" * * * while it need not be done in any particular language or form, unless the intention is unequivocally expressed in the plainest of words, the law will consider that the parties did

not undertake to indemnify one against the consequences of his own negligence."

(Supra at p. 412)

However, the indemnity clause in that case is not as broad as in the present case. The agreement in *Batson-Cook* is roughly equivalent to the first part of the agreement in the present case. It did *not* include the last portion of the agreement in the case at bar:

> " * * * and *arising out of any other operation no matter by whom performed* for and on behalf of the sub-contractor, *whether or not due in whole or in part* to conditions, *acts or omissions done or permitted by the contractor or Owner.*

(Emphasis added.)

The court, in *Batson-Cook,* did not hold that the liability in that case did not arise out of or was not sustained in connection with the work done by the subcontractor. Rather, the court held that the clause in the Batson-Cook indemnity agreement,

> " * * * sustained in connection with or to have arisen out of or resulting from the performance of the work by sub-contractor * * * ",

was not sufficiently broad enough

> "as indicating the purpose to indemnify against the Indemnitee's negligence."

(Supra at p. 413)

*Batson-Cook* loses its application here in the light of the additional broad language in the present case.

Further on this point is the case of Indemnity Ins. Co. of No. Amer. v. Koontz-Wagner Electric Co., 233 F.2d 380 (7th Cir. 1956). In that case the plaintiff, an employee of the indemnitor, was working on a scaffold removing electric light fixtures when a truck driven by the indemnitee's employee collided with the scaffold. The indemnity contract called for protection against " * * * all liabilities, claims or demands for injuries * * * *growing out of the performance of this order* * * * *."* (Emphasis added.) One of the issues in that case was whether the employee's injuries grew "out of the performance of this order." The court answered this question in the affirmative.

It was further held that the indemnity contract covered the indemnitee's own negligence. While the contract did include the magic words, i. e., "negligence of the indemnitee", it is clear that the presence or absence of such words is not determinative of the intention of the parties. Miller & Co. v. L. & N. RR. Co. (supra).

Such intention to indemnify one for its own negligence can be found by " * * like expressions * * * in other language of the agreement." Batson-Cook Co. v. Industrial Steel Erectors (supra).

Certainly the words, " * * * and arising out of any other operation no matter by whom performed for and on behalf of the sub-contractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the contractor or Owner", satisfy the requirement that the intention to indemnify one for his own negligence be unequivocally expressed.

The plaintiff Taylor laying brick while standing on the scaffold is certainly an " * * * operation * * * performed for and on behalf of the sub-contractor." The claim arises out of such "operation."

The language, " * * * whether or not due in whole or in part to conditions, acts or omissions done or permitted by the contractor or Owner", certainly includes a situation, as the words themselves say, where the Contractor-Indemnitee was negligent.

If such were not the case, then that portion of the indemnity agreement just quoted would have little, if any, meaning.

### III.

Having decided that defendant Hartford is obligated to plaintiff Davis for any amount Davis might be required to pay as a result of the state court suit, there remains the question of whether defendant Hartford is entitled to con-

tribution from U.S.F. & G., plaintiff Davis' insurer, on a pro rata basis.

Both Hartford's policy issued to Jordan, and U.S.F. & G.'s policy issued to Davis contained "other insurance" provisions.

In United States Fire Insurance Co. v. Hodges, 275 Ala. 243, 154 So.2d 3, the Supreme Court of Alabama adopted the rule that " 'other' * * * insurance * * * exists only where there are two or more insurance policies covering the same interest, the same subject matter and against the same risk; and that the 'other' insurance clause in the policies referred only to other insurance taken out by the insured named in that policy."

The Hartford policy names only Jordan as the insured, *not Davis*. The U.S. F. & G. policy names Davis only as the insured, *not Jordan*.

Therefore, it is evident that the two policies do not cover the same interest, subject matter and risk.

Hence, the loss, if any, must be that of Hartford alone.