ST. PAUL INSURANCE COMPANIES,
Appellant,

v.

HORACE MANN INSURANCE
COMPANY, Appellee.

No. 57036.

Supreme Court of Iowa.

July 31, 1975.

James R. Snyder, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Jerry E. Williams and L. R. Voigts, Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and McCORMICK, JJ.

MASON, Justice.

This appeal by plaintiff, St. Paul Insurance Companies (St. Paul), from an adverse decision of the trial court in a law action tried to the court presents for review the issue whether an insurer of the school district and its teacher is entitled to contribution from the insurer of the teacher for the amounts paid in settlement of personal injury claims of students.

A chemistry class accident at Harding Junior High School of Cedar Rapids was the genesis of this appeal. September 25, 1970, David Wortman, Michael Brown, and Noel Washburn, students of instructor John W. Arbore, were severely burned when a container of flammable liquid exploded during a chemistry experiment.

At the time of the mishap, St. Paul had in effect a written liability insurance contract with the Cedar Rapids Community School District which insured the school district and its teachers against suits for personal injuries.

John W. Arbore had also contracted with defendant, Horace Mann Insurance Company (Horace Mann), for personal liability insurance in connection with his teaching activities. The insurance companies are the parties in this action.

Both contracts contained "other insurance" provisions whereby each company limited its liability to amounts in excess over what other insurance policies applicable to a given loss covered. Both also provided for the subrogation of the insured's rights to the insurer.

As a result of the explosion, the parents of the three injured students filed claims against the school district and Arbore. In this regard, a lawsuit was commenced by the parents of David Wortman. St. Paul engaged a Cedar Rapids law firm to appear and defend for the school district and Arbore and notified Horace Mann of these facts. It was requested Horace Mann appear and defend for its insured, the teacher. This Horace Mann did, but it notified St. Paul the school district would be responsible for any judgment rendered against Arbore.

St. Paul thereafter settled this suit along with the two other claims for a total of $68,000—$25,000 to Wortman, $35,000 to Brown, and $8,000 to Washburn. Prior to reaching these agreements, St. Paul informed Horace Mann of its intention to settle the claims and requested contribution from Horace Mann. Though it was agreed Arbore was acting within the scope of his employment at the time of the accident and that the settlements were fair and reasonable, Horace Mann refused to contribute. This precipitated St. Paul's suit against Horace Mann for contribution, court costs, and legal fees (both at trial and on appeal), all with interest.

The case was tried upon a stipulation of facts between the parties and resulted in the dismissal of St. Paul's petition. The trial court strictly construed section 613A.8, The Code, in favor of Horace Mann and stated any contribution from Horace Mann would have been immaterial since any amount contributed by the employee would be subject to indemnification by the gov-

erning body, As stated, St. Paul appeals this decision.

The two insurance policies involved in this litigation were attached to the pleadings and made a part of the record. The St. Paul policy covered the legal liability of not only the school district, but its teachers, including John Arbore. There is no dispute Arbore was covered under the St. Paul policy under the facts giving rise to the lawsuit of Wortman and the claims of Brown and Washburn. The Horace Mann policy covered only the legal liability of John Arbore, the teacher.

St. Paul argues the "other insurance" exclusions contained in both policies effectively cancel each other out, resulting in pro-rata or equal liability for each company. It is further argued the indemnification provisions of chapter 613A should not be extended to insurers of government employees. To so interpret the statute would "clearly place the insurance company insuring employees * * * in the position of accepting premiums without providing any coverage whatsoever to its insureds."

It is also asserted the doctrine of subrogation is inapplicable to the instant factual situation; that is, the teacher's insurer is not subrogated to the teacher's rights against the school board (to indemnification). And in any event, the teacher here had no right to indemnification since, the claims having been settled, he incurred no damage or fixed legal liability. Another reason advanced is the doctrine of subrogation is inapplicable when, as here, there is an equal duty on the part of both insurers to indemnify and defend.

And along this line, St. Paul argues chapter 613A is "rather meaningless" because both companies had equal *contractual* obligations to defend teachers notwithstanding section 613A.8. Neither insurer could shirk its duties to defend and indemnify its insureds.

Finally, St. Paul asserts both the teacher and the school district were real parties in interest, not just the school district, so that payments made by St. Paul ran to the benefit of both. The teacher being benefitted, his insurer should contribute accordingly.

Horace Mann, on the other hand, concedes the ineffectiveness of the "other insurance" provisions in normal insurance circumstances, but claims this has no effect under chapter 613A. The school district, it is claimed, is the real party in interest which has no right of contribution from a teacher it indemnifies under the statute and, thus, none against such teacher's insurer either.

It is argued in the alternative that if this court were to decide Horace Mann must contribute, "then such sums as are paid by defendant [Horace Mann] would be paid on behalf of John W. Arbore, defendant would be subrogated to John W. Arbore's right of indemnity against the School District under Section 613A.8 of the Code, and * * * plaintiff [St. Paul] would be obligated to pay on behalf of the School District to the defendant whatever amount defendant had paid to the plaintiff."

■ I. As stated, St. Paul insured the school district as well as Mr. Arbore. Horace Mann insured only the teacher. Both policies insured against liability for, among other things, bodily injury. Without more, it is evident both would be liable in a suit against the teacher, or in other words, if one insurer paid the full amount of the claim it could sue the other insurer for "contribution." The Colorado court has aptly stated: "* * * Where there is so-called double or concurrent insurance, with two or more policies providing the same or duplicating coverage, the right to contribution has been held to exist between such insurers. * * * [citing authority]. * * [T]here must be an identity between the policies as to parties, and the insurable interests and risks. And, as was stated in 6 J. Appleman, Insurance Law and Practice § 3902 (1965): 'Contribution is a principle sanctioned in equity, and arises between co-insurers only, *permitting one who has paid the whole loss to obtain reimbursement*

from other insurers who are also liable therefor.'" (Emphasis supplied by court in the cited case). *Republic Ins. Co. v. United States Fire Ins. Co.,* 166 Colo. 513, 444 P.2d 868, 870 (1968).

Other decisions expressing the same view include: *Dillingham Corp. v. Employers Mut. Liab. Ins. Co. of Wis.,* 503 F.2d 1181, 1186 (9 Cir. 1974); *Universal Under. Ins. Co. v. Dairyland Mut. Ins. Co.,* 102 Ariz. 518, 433 P.2d 966, 968 (1967); *Galloway v. Southern Farm Bureau Insurance Co.,* 247 S.C. 288, 147 S.E.2d 271, 273; *Allied Mutual Cas. Co. v. Milbank Mutual Ins. Co.,* 80 S.D. 613, 129 N.W.2d 543; *Northland Insurance Company v. Miles,* 446 P.2d 160, 161–162 (Wyo.1968), and *Davis Constructors & Eng., Inc. v. Hartford Acc. & Ind. Co.,* 308 F.Supp. 792, 796 (M.D.Ala.N.D.1968). See also 44 Am.Jur.2d, Insurance, sections 1818 and 1819, pages 742–744.

Both insurance policies contain "other insurance" clauses limiting the coverage of each to the excess beyond that which would have been payable under any other applicable policy. In effect, these two clauses will normally cancel each other out. Each policy would be read without the provision. *Truck Insurance Exchange v. Maryland Casualty Co.,* 167 N.W.2d 163, 164–165 (Iowa 1969), has this statement: "* * * [B]oth policies provide that they shall be 'excess' insurance. However, it is obvious that there can be no 'excess' insurance in the absence of 'primary' insurance. Since neither policy by its terms is a policy of 'primary' insurance neither can operate as a policy of 'excess' insurance. The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provision becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. Therefore, the general coverage of each policy applies and each company is obligated to share in the cost of the settlement and expenses. We think that such a conclusion affords the only rational solution of the present dispute." See also *Union Ins. Co. (Mutual) v. Iowa Hard-*

*ware Mut. Ins. Co.,* 175 N.W.2d 413 (Iowa 1970).

Horace Mann concedes if chapter 613A, The Code, did not exist it would be jointly liable with St. Paul in a suit against a person they both insure. Horace Mann points out it had never refused on the basis of the "Other Insurance" provision of its policy to contribute to the settlement made by St. Paul. But chapter 613A did exist at the time material here and Horace Mann insists the obligation of the respective insurance carriers is dependent upon the liability imposed by that chapter.

Chapter 613A which became effective January 1, 1968, was enacted by the Regular Session, Sixty-second General Assembly, chapter 405. Section 613A.1 defines "Municipality" as used in the chapter to mean "city, town, county, township, school district, and any other unit of local government." In subsection 3 of this section "Tort" is defined to mean "every civil wrong which results in wrongful death or injury to person or injury to property and includes but is not restricted to actions based upon negligence, breach of duty, and nuisance."

Section 613A.2 as then in force provided:

"Liability imposed. Except as otherwise provided in this Chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."

Section 613A.8 as then in force provided:

"Officers and employees defended. The governing body shall defend any of its officers and employees, whether elected or appointed and, except in cases of malfeasance in office or willful or wanton neglect of duty, shall save harmless and indemnify such officers and employees against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty. Any independent or autonomous

board or commission of a municipality having authority to disburse funds for a particular municipal function without approval of the governing body shall similarly defend, save harmless and indemnify its officers and employees against such tort claims or demands. This section is intended to confer power in addition to that conferred by section 368A.1."

Horace Mann relies heavily upon two related Illinois decisions bearing quite closely upon the instant issues. In *Treece v. Shawnee Community Unit School Dist. No. 84*, 39 Ill.2d 136, 233 N.E.2d 549, the deceased student's father sued the school district after his son died of injuries sustained during a physical education class. The school district in turn sought to join the teacher as a third party defendant. The trial court refused to do so and the supreme court of Illinois affirmed.

At the time of that suit, Illinois had an indemnification statute similar to the above Iowa statute. It required the school district "to indemnify and protect school districts, members of boards of education, employees, and student teachers against death and bodily injury and property damage claims and suits, including defense thereof, when damages are sought for negligent or wrongful acts alleged to have been committed in the scope of employment or under the direction of the board of education. No agent may be afforded indemnification or protection unless he is a member of a board of education, an employee of a board of education or a student teacher." (Ill.Rev. Stat., Ch. 122, § 10–21.6, since repealed).

The court interpreted the statute as preventing, " * * * a debt or obligation from arising in favor of a school district because of its having incurred damages through an employee's negligence. Thus, there can be no debt or obligation to be released or extinguished. It appears clear, that the legislature in enacting * * * [the statute] calling for the indemnification of a school employee, unmistakeably was eliminating any right a school district might have had to recover back for a negligent

employee. * * * The legislative intent that school employees be indemnified is certainly repugnant to the district's thesis that it can recover back from the employee." *Treece*, 39 Ill.2d at 144, 233 N.E.2d at 553.

The related case dealt with the issue of who was liable for the cost of defending the individual teacher against the school district's attempt in *Treece* to join the teacher as a third party defendant. In *Bridewell v. Board of Ed. of Shawnee C.U. Sch. Dist.*, 2 Ill.App.3d 684, 276 N.E.2d 745, the teacher sued the school district on behalf of his insurer, Horace Mann, to recover defense costs expended by Horace Mann. While Mann insured the teacher in his individual capacity, St. Paul insured the school district and its teachers. Both policies contained "other insurance" as well as subrogation provisions.

The *Bridewell* court reiterated the *Treece* ruling the statute eliminated any school district's right to recover against a teacher, and formulated the issue presented for review as " * * * whether an insurance company (Mann) who insured the liability of a public school teacher may seek indemnity from the insurer (St. Paul) of a public school district under * * * [the statute] for the cost of attorney fees and expenses paid by Mann in defending a 'Motion for Leave to File a Third Party Complaint' filed by the public school district's company, St. Paul, against the public school teacher's insurance company, Mann." *Bridewell*, 276 N.E.2d at 748.

It was held Horace Mann could recover these costs from St. Paul. The court stated:

"It does not appear to this court to be a worthy interpretation of the acts of the legislative body of this State to hold that whether an employee of a school district has or has not individual liability insurance should determine whether or not the individual is indemnified and granted the protection of the statute. Thus, where the statute specifically indemnified 'including

defense thereof" the company who defended pursuant to contract with the teacher should be entitled to recover. If we were to otherwise hold, we would find ourselves in the position of holding that it would indeed take two wrongs to make a right. For there can be no disagreement that had not only St. Paul but also Mann refused to defend Bridewell [teacher] and he then was forced, in spite of two valid indemnification contracts, to seek and be liable for his own defense Bridewell would have had a cause of action against both St. Paul and Mann. For these reasons the defendant's first contentions must fail.

" * * *

" * * * [T]he company with the primary liability for the defense and the costs therein is the appellee [St. Paul]. Mann can but be considered as secondarily liable because it would have no duty to defend unless St. Paul failed to defend (or if the claim exceeded the policy limits of St. Paul)." *Bridewell,* 276 N.E.2d at 750.

From these decisions may be gleaned the following statements of Illinois law: (1) A school district may not recover from its teachers amounts paid under an indemnity statute; (2) The statute protects a teacher regardless of whether or not he has insurance; (3) A school district insurer is primarily liable for the defense of a sued teacher, and the teacher's individual liability insurer is secondarily liable; (4) A teacher's individual liability insurer may recover the costs of defending such teacher from the school district's liability insurer.

St. Paul places great emphasis upon *Sun Indemnity Co. v. Board of Education,* 264 App.Div. 73, 34 N.Y.S.2d 475. This 1942 case construed a New York statute very similar to the Illinois statute. The New York statute provided that the Board of Education was to be liable for, and to assume liability to the extent that it was to hold harmless any teacher for damages arising out of the teacher's negligence while the teacher was within the scope of his employment. Sun Indemnity filed suit against the Board of Education for indemnification of a judgment that it paid for an insured school teacher. The New York court held that the statute was intended only to benefit the teacher and thus could not be extended by implication, assignment or subrogation.

In denying plaintiff relief, the court stated the statute " * * * contemplates as the beneficiary of indemnity from the Board only * * * [the teacher], not his insurer, the plaintiff. It was passed for the exclusive benefit of teachers. Under the circumstances presented by the agreed facts, plaintiff may not invoke the doctrine of subrogation. Where, as here, the Legislature, finding two persons in a certain relationship, not attended by any liability of one (Board of Education) to another (* * [the teacher]), has altered the law and created the liability * * *, only the particular person (* * * [the teacher]) for whose benefit the Legislature has acted, may sue. That right may not be extended by implication, or recourse to assignment or the principle of subrogation." 264 App.Div. at 74, 34 N.Y.S.2d at 476.

In support of its holding in *Sun Indemnity Co.* the New York court cited *Royal Indemnity Co. v. Travelers Ins. Co.,* 244 App.Div. 582, 280 N.Y.S. 485, aff'd, 270 N.Y. 574, 1 N.E.2d 337; *Jackson v. Citizens Casualty Co.,* 277 N.Y. 385, 14 N.E.2d 446, and *Massimilian v. Board of Education of School Dist.,* 261 App.Div. 428, 25 N.Y.S.2d 978, but noted that *Lee v. Board of Education of City of New York,* 263 App.Div. 23, 25–26, 31 N.Y.S.2d 113, 114–116, a decision by another division of the same New York court decided approximately six months earlier, expressed a contrary ruling.

We have studied the foregoing cases as well as *Sandak v. Tuxedo Union School Dist. No. 3,* 283 App.Div. 732, 127 N.Y.S.2d 631, 308 N.Y. 226, 124 N.E.2d 295 (1954); *Stearns v. Board of Education of City of Rochester,* Sup., 137 N.Y.S.2d 711 (1955), and *Shaw v. Village of Hempstead,* 20 A.D.2d 663, 246 N.Y.S.2d 557 (1964), cited by Horace Mann.

St. Paul also cites *A. & B. Auto Stores of Jones St., Inc. v. City of Newark,* 59 N.J. 5, 279 A.2d 693, which involved a New Jersey statute which permitted property owners whose property was destroyed by riots to sue the city. The particular statute under consideration imposed liability without regard to whether a municipality was at fault. It required the city to indemnify the victim of a riot even if the city's performance was flawless. In our opinion, this decision does not aid St. Paul here. The relevant Iowa statutes comprising chapter 613A embody the concept of fault.

In the matter before us the claim made on behalf of the three students against the school district and Arbore was not predicated on the theory of strict liability but on the assertion negligence of the board and the teacher in one or more of the 12 particulars specified was the proximate cause of the explosion and the injuries sustained.

We find St. Paul's argument Arbore had no right to indemnification under section 613A.8 as he incurred no damage or fixed legal liability by reason of the claims having been settled to be without merit. The same is true as to its argument that payments made by St. Paul ran to the benefit of both the school district and Arbore and that both were the real parties in interest.

The New York cases cited by St. Paul express views of law and public policy which are not in accord with principles recognized by this court. We are not persuaded this court should follow those decisions.

As noted, except as otherwise provided in chapter 613A, section 613A.2 imposes liability on the school district for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function.

Section 613A.8 imposes a duty upon the governing body to defend and save harmless and indemnify such officers and employees against any tort claim or demand *except* in cases of malfeasance in office or willful or wanton neglect of duty. It was stipulated in the present case Arbore was not guilty of malfeasance in office or willful or wanton neglect of duty.

The amount paid by St. Paul under its contract of insurance in settlement of the three claims mentioned was actually paid in satisfaction of claims which were the ultimate responsibility of the school district to indemnify its teacher for negligence under the provisions of section 613A.8. This statute did not give rise to any debt or obligation in favor of the school district because of its having incurred damages through an employee's negligence. In other words, any right to recover back from the teacher for his negligence was eliminated by enactment of the statute. One who must indemnify another cannot at the same time claim contribution from that person. *Stowe v. Wood,* 199 N.W.2d 323, 326 (Iowa 1972).

St. Paul as the school district's insurer is thus left without any right to subrogation since " * * * rights * * * acquired by an insurer against a wrongdoer rise no higher than those held by its insured against such offender." *Employers Mutual Casualty Company v. Hanshaw,* 176 N.W.2d 653, 655 (Iowa 1970).

We hold St. Paul as insurer of the school district and its teacher is not entitled to contribution from Horace Mann, the insurer of the teacher, for the amounts paid by St. Paul in settlement of personal injury claims of the students arising from the alleged negligence of Arbore in the scope of his employment.

The case is therefore

Affirmed.