SUN INDEMNITY COMPANY OF NEW YORK, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Second Department, May 4, 1942.

*Richard Formidoni,* for the plaintiff.

*Stanley Buchsbaum* [*William C. Chanler, Corporation Counsel, Paxton Blair* and *Milton I. Newman* with him on the brief], for the defendant.

TAYLOR, J. This is a controversy submitted upon agreed facts. (Civ. Prac. Act, §§ 546–548.) Plaintiff indemnity company, on April 5, 1937, issued to one Regan, a school teacher, a policy insuring him against liability for accidents caused by him while engaged in

practicing his profession. Thereafter, on November 18, 1937, an infant pupil, one Hagan, in Regan's class in automotive-mechanics, sustained injuries. The infant and his father sued Regan and the present defendant, Board of Education of the City of New York, in negligence. Upon the trial of the issues the jury returned a verdict against both defendants in favor of both plaintiffs. The court, on the board's motion, set the verdict aside as to it. Judgments were duly entered upon the verdict in favor of both plaintiffs against the defendant Regan only, on March 3, 1941, and were subsequently paid by the plaintiff, insurer. At the time of such payment and satisfaction, there was in force section 881-a of the Education Law, which had become effective June 4, 1937, and which provided that the board of education " shall be liable for, and shall assume liability to the extent that it shall save harmless " any teacher for damages arising out of his negligence, resulting in personal injury, provided the teacher at the time the damages were sustained was acting in the discharge of his duties and within the scope of his employment. Plaintiff-insurer's contract with Regan provided that it should be subrogated to his rights against any person or corporation with respect to any loss paid under the policy, to the amount of such loss. Plaintiff now seeks recovery from the board of education, as a subrogee to Regan's rights against the board under section 881-a, of the amount paid by plaintiff in the Hagan action. Plaintiff presents this definition: " Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability." (*Gerseta Corporation* v. *Equitable Trust Co.*, 241 N. Y. 418, 425.) Plaintiff then asserts that the instant case comes clearly within that definition. This is *non sequitur*. Section 881-a contemplates as the beneficiary of indemnity from the board only Regan, not his insurer, the plaintiff. It was passed for the exclusive benefit of teachers. Under the circumstances presented by the agreed facts, plaintiff may not invoke the doctrine of subrogation. Where, as here, the Legislature, finding two persons in a certain relationship, not attended by any liability of one (board of education) to another (Regan), has altered the law and created the liability (board to Regan), only the particular person (Regan) for whose benefit the Legislature has acted, may sue. That right may not be extended by implication, or recourse to assignment or the principle of subrogation. (Cf. *Royal Indemnity*

*Co.* v. *Travelers Insurance Co.,* 244 App. Div. 582; affd., 270 N. Y. 574; and *Jackson* v. *Citizens Casualty Co.,* 277 id. 385.) The principle of confining the benefit of such a statute to the persons the Legislature is shown to have had in mind as beneficiaries is illustrated by the case of *Massimilian* v. *Board of Education, etc., Niagara Falls* (261 App. Div. 428 [4th Dept.]), which construes section 569-a of the Education Law, giving teachers in cities having less than 1,000,000 population the protection given by section 881-a (*supra*) to teachers in cities of over 1,000,000 population. There is some, but no real, distinction in the wording of the statutes. In the majority ruling in the *Massimilian* case, the court struck out a cause of action based on section 569-a, and stated (p. 431): " We are led to the conclusion that the Legislature intended to and did use language that put into effect protection of the teacher and other employee actor, and not language intended to protect and give a cause of action to the injured person." The court held, also, that section 569-a is clearly a statute " for the benefit of the employee." It is to be noted that there is a contrary ruling in *Lee* v. *Board of Education of City of New York* (263 App. Div. 23, 25, 26 [1st Dept.]), with which ruling we are not in accord. Other considerations urged by the defendant, which we do not think it necessary to discuss, militate against the contention of the plaintiff. In our opinion, the constitutional question raised by the defendant under section 1 of article VIII of the New York State Constitution is not reached, and need not be decided.

Judgment should be directed in favor of defendant, without costs.

HAGARTY, CARSWELL and JOHNSTON, JJ., concur; LAZANSKY, P. J., concurs in the result.

Judgment unanimously directed for defendant, without costs.