GULF INSURANCE CO., Plaintiff
and Appellant,

v.

HORACE MANN INSURANCE CO.,
Defendant and Respondent.

No. 14974.

Supreme Court of Utah.

July 8, 1977.

---

Stuart L. Poelman, Scott Daniels, and Ellen Maycock, Snow, Christensen & Martineau, Salt Lake City, for plaintiff and appellant.

James P. Cowley and Dennis K. Poole, Watkiss & Campbell, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Gulf Insurance Company, tort liability insurer of the Box Elder School District and its employees, sued Horace Mann Insurance Company, which provides the same type of insurance to teachers, seeking to compel Horace Mann to bear or share the responsibility for an injury to a student. The trial court granted defendant Horace Mann's motion for summary judgment. Gulf appeals.

Russell Johnson, a teacher at Bear River Junior High School in Tremonton, Box Elder County, was sued by a student, Brent Rupp, for injury to his hand in using a power saw in Mr. Johnson's shop class. The policy issued by Gulf to the school district and the group policy issued by Horace Mann through the Utah Education Association both cover Mr. Johnson's conduct.

1. Sec. 63–48–1, U.C.A.1953, provides that public entities (which includes school districts), shall " . . . protect [their] officers and employees from personal liability arising from

Each policy asserts liability only for the excess over coverage by other valid insurance and each company contends that the policy of the other provides valid insurance coverage and that it is, therefore, exempt.

Mr. Johnson made demand upon the school district to defend pursuant to the Utah Public Employees' Indemnification Act, Sec. 63–48–1, et seq., U.C.A.1953.[1] The district referred the matter to its insurer, plaintiff Gulf, which, in turn, made demand upon Horace Mann to defend the suit or to participate therein. Horace Mann refused, contending that the primary responsibility is upon the school district (and hence upon its insurer, Gulf) and that defendant Horace Mann has only secondary liability for any loss not covered by Gulf.

The impasse thus created resulted in this action by Gulf for a declaratory judgment that Horace Mann's policy is primary and that Gulf's policy is only for any liability in excess of that covered by the Horace Mann policy, or in the alternative that each share equally in the responsibility.

The argument of plaintiff Gulf is that the Indemnification Act referred to was intended to protect public employees from personal loss because of any negligence that might occur in their employments; and that so long as the employee is in fact protected, even though by his own insurance, the objective that he suffer no personal loss is accomplished; and that the protection furnished by the district (through plaintiff Gulf) should not be extended to benefit the employee's insurer (Horace Mann) who charges and receives premiums for such coverage.

In seeking resolution of the dispute between these two insurance companies, where either would be liable if coverage by the other did not exist, and where each tries to escape liability by claiming that its policy provides only excess liability coverage, the following propositions are pertinent.

acts or omissions committed during the performance of their duties, within the scope of their employment. . . . "

Each of these insurers should be regarded as standing in the shoes of its own insured and as having the same rights and liabilities as its insured has. Therefore, it is appropriate to determine who would bear the loss if no insurance existed.

Under the common law, any liability would be upon Mr. Johnson, the alleged tort-feasor, and his insurer (Horace Mann) would be obliged to step into his shoes and defend him. However, the Public Employees' Indemnification Act has altered this. In requiring public entities to protect their employees from such losses by defending and indemnifying them for claims arising from activities within the scope of their employment, except for acts of "gross negligence, fraud or malice,"[2] the statute shifts liability to the school district.

In addition to this shifting of liability from the teacher to the school district, the statute further specifically provides that if the public entity (the school district here) pays such a claim, the entity cannot seek reimbursement from its employee (Johnson here).[3] Those statutory provisions which thus transfer responsibility for such a claim from the employee to the school district, and further provide that the district cannot even obtain reimbursement from the employee, manifest a clear legislative intent that it is the school district and not the employee who must bear any such a loss.[4] What protection the school teachers may or may not receive from defendant Horace Mann is not material here. But, it may be of interest to observe that the latter's policy does cover excess over that insured by plaintiff Gulf and perhaps other matters excepted by the statute.

On the basis of what has been said above, it is our conclusion that the trial court correctly ruled that it is the school district and its insurer plaintiff Gulf Insurance Company, which are obligated to defend and respond on behalf of the teacher, Russell Johnson.

Affirmed. Costs to defendant (respondent).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**2.** Sec. 63–48–5, U.C.A.1953. "(1) Except as provided in subsection (2) of this section, if a public entity pays all or part of any judgment based on or a compromise or settlement of the claim against itself or an officer or employee, the officer or employee is not liable to indemnify the public entity for this payment. (2) If the public entity pays all or part of any judgment based on a claim against itself or an officer or employee, the public entity may recover the amount of such payment if it is established that the officer or employee acted or failed to act due to gross negligence, fraud, or malice."

**3.** Ibid. See subsection (1) above.

**4.** *St. Paul Ins. Co. v. Horace Mann Ins. Co.,* 231 N.W.2d 619 (Iowa 1975); *Bridewell v. Board of Education,* 2 Ill.App.3d 684, 276 N.E.2d 745 (1971).