## American Employers' Insurance Company *vs.* City of Medford.

No. 93-P-203

Suffolk. November 8, 1994. - January 5, 1995.

Present: Perretta, Kass, & Jacobs, JJ.

*Indemnity. Insurance.* Subrogation, Liability insurance. *Subrogation. Massachusetts Tort Claims Act. Assignment. Contract*, Assignment. *School and School Committee*, Liability for tort.

General Laws c. 41, § 100C, as appearing in St. 1973, c. 289, governed the indemnification of a school system employee by a municipality where the claim against the employee arose prior to the effective date (August 16, 1977) of the superseding statute, the Massachusetts Tort Claims Act, G. L. c. 258. [19-20]

General Laws c. 41, § 100, as applicable to a claim arising in 1976, required straight indemnity of a municipal employee by his employer, without regard to whether the employee had incurred a personal loss on account of a judgment against him for negligence in the performance of his duties. [20-22]

A right to indemnity under the terms of a policy of liability insurance was validly assigned where such assignment was not expressly forbidden by the terms of the contract or by statute. [22]

Civil action commenced in the Superior Court Department on February 11, 1988.

The case was heard by *Walter E. Steele*, J., on motions for summary judgment.

*Anthony M. Santoro*, Assistant City Solicitor, for the employee.

*Richard R. Eurich & Bernadette D. Sewell*, for the insurer, submitted a brief.

Kass, J. On the grounds that a city employee's statutory right to be indemnified was personal and not assignable, the city of Medford refused to reimburse American Employers' Insurance Company ("Employers"), the insurer of an indus-

trial arts teacher, William Mahoney, for the $153,000 it had paid in satisfaction of a judgment against Mahoney arising out of a classroom accident. Employers brought an action claiming indemnity, and a judge of the Superior Court, acting on cross motions for summary judgment, determined that Employers was entitled to indemnity under G. L. c. 41, § 100C, and entered judgment in its favor. We affirm.

1. *Facts.* Dennis Raimo, a student in a shop class at a Medford public school, hurt his hand with a rotary saw and brought a negligence action against his teacher, Mahoney. In the trial of the action, Mahoney was represented by a lawyer from the office of the city solicitor of Medford. Indeed, a judge of the Superior Court had ordered the school committee of Medford to request the city solicitor to provide that defense. A jury returned a verdict in favor of the plaintiff which, after interest and costs were taken into account, resulted in the judgment of $153,000 referred to above. Medford withheld payment of the judgment on the ground that Mahoney had the benefit, as a member of the Massachusetts Vocational Association, of a comprehensive general liability insurance policy issued by Employers. By arrangement with the city solicitor, Employers obtained from Mahoney subrogation rights and an assignment of his rights of indemnity against the city. Thereupon, Employers paid the judgment and turned to the city for indemnity. As we have said, the city refused, triggering the current action by Employers against the city, initiated on February 11, 1988.

2. *Statutory framework.* Had the accident occurred after August 16, 1977, the controlling statute would have been G. L. c. 258, the Massachusetts Tort Claims Act. See St. 1978, c. 512, §§ 15 & 16. Section 9 of G. L. c. 258 provides that:

> "Public employers *may* indemnify public employees from *personal* financial loss and expenses . . . arising out of any claim . . . by reason of any act or omission . . . within the scope of his official duties. . . ." St. 1978, c. 512, § 15 (emphasis supplied).

Prior to the Massachusetts Tort Claims Act, the applicable statute governing indemnification of a municipal school system employee was G. L. c. 41, § 100C,[1] as appearing in St. 1973, c. 289, which provided that:

> "[A] city . . . *shall* . . . indemnify any person in the employ of its school department . . . for expenses or damages sustained by him by reason of an action or claim against him arising out of his negligence or other act of his resulting in accidental bodily injury to . . . any person" (emphasis supplied).

The reader will observe that § 100C, the now superseded statute, speaks in mandatory terms, "shall indemnify," whereas § 9 of the Tort Claims Act speaks permissively, "may indemnify," and refers to "personal financial loss." Raimo's shop class accident, from which the claim against Mahoney arose, occurred on January 9, 1976, i.e., prior to the August 16, 1977, date which marks the transition to the Tort Claims Act. Accordingly, § 100C, rather than G. L. c. 258, § 9, is the statute applicable to the case.

3. *Whether Mahoney's right to indemnity was personal.* In considering the indemnity provision in the Tort Claims Act, i.e., G. L. c. 258, § 9, we expressed our view that the phrase "*personal* loss and expenses" (emphasis supplied) "may indicate that the obligation to indemnify extends only to the net personal losses of covered individuals, after the proceeds of any private liability insurance which they may carry have been deducted, and with no right of subrogation afforded to the private insurer." *Filippone* v. *Mayor of Newton*, 16 Mass. App. Ct. 417, 425 (1983). The qualifying adjective "personal" is absent from the statute applicable to the instant case, G. L. c. 41, § 100C. Another significant respect in which § 100C differs from the later Tort Claims Act is that § 100C provided that a city "shall" indemnify, while

---

[1]Section 100C was deleted from the General Laws by St. 1978, c. 512, § 10.

the Tort Claims Act provides that public employers "may" indemnify.

The more qualified obligation to indemnify under the Tort Claims Act is understandable because the Tort Claims Act authorizes negligence claims against a governmental body (i.e., a public employer) that under common law principles of sovereign immunity would either have been barred or only erratically available. See the discussion in *Whitney* v. *Worcester*, 373 Mass. 208, 213-221 (1977). With governmental units immune to tort claims, it followed that the injured party would strike at the public employee who was, in some fashion, connected to the accident. If the public employee was acting within the scope of the public employment, it was only fair that the governmental employer pick up the check for whatever damages were successfully recovered from the employee. It was important that public employees might perform their duties without fear of inordinate personal liability. See *Berube* v. *Selectmen of Edgartown*, 336 Mass. 634, 638 (1958). Further recognition of the close relationship of the public employer to the claim against the employee, as well as the need to keep a controlling hand on potential indemnity, appears in the proviso of § 100C that the obligation to indemnify requires that defense or settlement of the claim shall have been made by the "city solicitor, town counsel or legal counsel for the district upon request of the school committee . . . or, if the town has no town counsel or the district has no legal counsel, by an attorney employed for the purpose by the school committee." G. L. c. 41, § 100C.

On the basis of the differences in purpose and text between § 100C and G. L. c. 258, § 9, we conclude that the older, and now superseded, statute provided straight indemnity for damages assessed against school department employees, i.e., without requiring that the employee herself or himself be out of pocket the dollars recovered by the tort claimant. Under § 100C and under a clause[2] in the collective bargaining

---

[2]That clause incorporates in the collective bargaining agreement the language of § 100C.

agreement between the Medford teachers and the school committee, the city was bound to pay the amount of the judgment for which Mahoney had become liable. So far as the school committee (and ultimately the municipality) is concerned, it is fortuitous that Mahoney, as a member of the Massachusetts Vocational Association, was the beneficiary of insurance for that liability. There is no persuasive reason why the city should reap a benefit from the association's foresight. Other jurisdictions which have considered the question in the context of like, though not identical, statutory schemes, have arrived at similar conclusions. See *Bridewell* v. *Board of Educ.*, 2 Ill. App. 3d 684, 691 (1971); *St. Paul Ins. Cos.* v. *Horace Mann Ins. Co.*, 231 N.W.2d 619, 625 (Iowa 1975); *United Pac./Reliance Ins. Co.* v. *Horace Mann Ins. Co.*, 65 Or. App. 21, 26-27 (1983); *Gulf Ins. Co.* v. *Horace Mann Ins. Co.*, 567 P.2d 158, 160 (Utah 1977). Contrast *Sun Indem. Co.* v. *Board of Educ.*, 264 A.D. 73, 74-75 (N.Y. 1942). Under G. L. c. 41, § 100C, therefore, Employers could be, and was, subrogated to the rights of indemnity Mahoney possessed against Medford.

4. *Assignability of Mahoney's rights against Medford.* The city contends that the absence of express language in the collective bargaining agreement allowing a teacher to assign the right to indemnity prohibited the assignment Mahoney purported to make to Employers. That argument turns familiar contract law upside down. It is axiomatic that a contractual right can be assigned unless assignment is expressly forbidden by the terms of the contract or, in a case such as this, by the statute. Other exceptions to the general rule would be cases as to which the substitution would materially change the duty or risk of the obligor, in this case the municipality. See *Garber's Auto Rental, Inc.* v. *Genoa Packing Co.*, 2 Mass. App. Ct. 298, 301-302 (1974); Restatement (Second) of Contracts § 317 (1979); cf. *Dunn* v. *Holladay*, 6 Mass. App. Ct. 842 (1978).

*Judgment affirmed.*