COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. TEACHERS INSURANCE COMPANY, Defendant-Appellant (Ruth Johnston, Indiv. and as Next Friend of Jamie Johnston, a Minor, *et al.*, Defendants).

Fifth District No. 5—99—0418

Opinion filed April 4, 2000.

Jerome E. McDonald and Matthew K. Wollin, both of Campbell, Black, Carnine, Hedin, Ballard & McDonald, P.C., of Mt. Vernon, for appellant.

Stephen C. Mudge and Katherine M. Smith, both of Reed, Armstrong, Gorman, Mudge, & Morrissey, P.C., of Edwardsville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This case presents the issue of which of two insurance companies, Country Mutual Insurance Company (plaintiff) or Teachers Insurance Company (defendant), provides primary coverage for an accident that occurred on December 8, 1995, involving a 1994 Dodge Spirit automobile owned and driven by Jo Chapman. At the time of the accident, Chapman, although driving her own vehicle, was acting in the course of her employment as a teacher for Sandoval Community High School District 501. A student riding as a passenger in the vehicle was injured as a result of the accident. The student brought suit against Chapman for his injuries.

At the time of the accident, Chapman's vehicle, the 1994 Dodge Spirit, was insured by defendant, and Chapman was the named insured under the policy. The policy provides that defendant will pay damages which the insured becomes liable to pay because of bodily injury to others and to defend any suit brought against the insured for such damages.

Chapman's employer, the Sandoval Community High School District No. 501, was insured by plaintiff pursuant to a business automobile insurance policy, which provides in pertinent part as follows:

> "For any covered **auto you** own[,] this policy provides primary insurance. For any covered **auto you** don't own, the insurance provided by this policy is excess over any other collectible insurance." (Emphasis in original.)

An endorsement to the policy provided as follows:

> "It is agreed that such insurance as is afforded by the policy for bodily injury liability and property damage liability with respect to an insured automobile is extended to insure any member of the board of education, or any employee, teacher, volunteer, personnel authorized in Sections 10—22.34, 10—22.34a[,] and 10—22.34b of the School Code of Illinois[,] or any student teacher of the named insured, but only while acting within the course or scope of his duties, as such, or under the direction of the board of education, subject to the following provisions:
>
> \*\*\*
>
> 2. The insurance afforded by this endorsement with respect to any hired or nonowned automobile shall be excess insurance over any other valid and collectible insurance."

A subsequent endorsement was added, which provided, "The following is added to WHO IS INSURED: Any employee of **yours** is an **insured** while using a covered **auto you** don't own, hire[,] or borrow in **your** business or **your** personal affairs." (Emphasis in original.)

Chapman tendered the claim filed against her to defendant, who, in turn, tendered the defense to plaintiff, arguing that plaintiff's policy provided primary coverage. Plaintiff filed suit for declaratory judgment in the circuit court of Jefferson County, seeking a declaration that its policy did not provide primary coverage and that it owed no duty to defend Chapman in the lawsuit filed against her. Defendant answered and filed a counterclaim for declaratory judgment that plaintiff's policy did provide primary coverage for the accident and asking that plaintiff be ordered to reimburse defendant for all amounts paid in settlement of the underlying claim and for costs of defense of the underlying claim against Chapman.

Both parties filed motions for summary judgment. The trial court found in favor of plaintiff, holding that defendant's policy provided primary coverage for the accident. Defendant filed a motion to reconsider. On May 24, 1999, the trial court entered an order denying defendant's motion to reconsider. The court found that there was no issue of material fact and that, as a matter of law, defendant's policy provided primary coverage for the vehicle and the accident. Relying on

*State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 246 (1998) (*State Farm*), the court held that primary liability for a vehicle involved in a loss is owed by the vehicle owner's insurer, in this case defendant. In *State Farm*, the supreme court stated that, pursuant to custom in the insurance industry, primary liability is generally placed on the insurer of the owner of the automobile rather than on the insurer of the operator. In the case at bar, the trial court found unpersuasive cases cited by defendant regarding a school district's statutory duty to indemnify its employees. Defendant appeals.

On appeal, the parties agree that no material facts are in dispute, but they argue over which party is entitled to judgment as a matter of law. Appellate review of an order granting summary judgment is *de novo* such that the appellate court must consider anew the facts and law related to the case and determine whether the trial court was correct. See *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 780 (1996).

On appeal, defendant argues that the school district is statutorily obligated by both the School Code (105 ILCS 5/1—1 *et seq.* (West 1998)) and the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—301 (West 1998))[1] to indemnify and defend the lawsuit brought against Chapman and that this remains so regardless of the insurance policy which Chapman had on her own car.

■ Sections 10—20 through 10—20.30 of the School Code set forth the powers of a school board. 105 ILCS 5/10—20 through 10—20.30 (West 1998). Section 10—20.20 grants the following authority to a school board:

> "[The school board has the power] [t]o indemnify and protect school districts, members of school boards, employees, volunteer personnel[,] *** and student teachers against civil rights damage claims and suits, constitutional rights damage claims and suits[,] and death and bodily injury and property damage claims and suits, including defense thereof, when damages are sought for negligent or wrongful acts alleged to have been committed in the scope of employment or under the direction of the board. Such indemnification and protection shall extend to persons who were members of school boards, employees of school boards, authorized volunteer personnel[,] or student teachers at the time of the incident from

---

[1]Section 2—301 of the Tort Immunity Act (745 ILCS 10/2—301 (West 1998)) simply provides that nothing in that act relieves a local public entity of its duty to indemnify or insure its employees as provided in section 10—20.20 of the School Code (105 ILCS 5/10—20.20 (West 1998)).

which a claim arises. No agent may be afforded indemnification or protection unless he was a member of a school board, an employee of a board, an authorized volunteer[,] or a student teacher at the time of the incident from which the claim arises." 105 ILCS 5/10—20.20 (West 1998).

As originally enacted, these same sections 10—20 through 10—20.30 set forth the *duties* of school boards, not merely their powers. In 1996, these sections were amended, and the word "powers" was substituted for the word "duties." Defendant argues that, despite the change in wording, section 10—20.20 still sets forth a mandatory duty of a school board to indemnify its employees against damage claims for negligence.

Prior to the 1996 amendment, section 10—20.20 was construed by our courts to impose a mandatory duty on school districts to indemnify and defend their employees against claims for damages due to negligence. See *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 781 (1996). In *Bridewell v. Board of Education of Shawnee Community Unit School District No. 84*, 2 Ill. App. 3d 684 (1971), this court held that a statute, since repealed, with language identical to that of the pre-1996 section 10—20.20, required a school district not only to indemnify its employee for damage claims but also to indemnify the employee's own insurer who provided a defense to the claims. The court stated as follows:

"It does not appear to this court to be a worthy interpretation of the acts of the legislative body of this State to hold that whether an employee of a school district has or has not individual liability insurance should determine whether or not the individual is indemnified and granted the protection of the statute. Thus, where the statute specifically indemnified 'including defense thereof[,]' the company who defended pursuant to contract with the teacher should be entitled to recover." *Bridewell*, 2 Ill. App. 3d at 691.

Clearly, prior to the 1996 amendment, school districts had a statutory duty to defend and indemnify their employees and, if necessary, their personal insurers against any claims for damages due to negligence. The question becomes, then, what effect does the 1996 amendment changing the word "duties" to "powers" have on the interpretation and application of section 10—20.20 to the case at bar? The parties do not address this question in their briefs on appeal. Defendant assumes in its argument that the amendment had no effect on the school district's duty to indemnify its employee, and plaintiff assumes the school district has no statutory duty to indemnify its employee.

■ Although an amendment to a statute may give rise to a presumption that the legislature intended to change the law, that

presumption is not conclusive and may be overcome by other circumstances. See *Varelis v. Northwestern Memorial Hospital,* 167 Ill. 2d 449, 461 (1995). The fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature. See *Varelis,* 167 Ill. 2d at 454. The entire statute must be considered, along with the subject addressed and the legislature's objective in enacting the statute. See *Superior Structures Co. v. City of Sesser,* 277 Ill. App. 3d 653, 663 (1996). Where statutory language is somewhat ambiguous, courts can examine legislative history and remarks made by the legislators during debate on the legislation. See *Superior Structures Co.,* 277 Ill. App. 3d at 663.

■ In the instant case, we do not believe that the amendment to section 10—20 should be understood to have done away with the mandatory duty of a school district to indemnify and defend its employees for damage claims due to negligence. We have reviewed the legislative debates of the bill that amended section 10—20 of the School Code. It appears that the purpose of the amendment was not to do away with any duties owed by school districts but to expand the powers of school districts to include any powers necessary and proper for the maintenance, operation, and development of schools, provided those powers are not in conflict with any other provisions of the School Code. One senator explained that the amendment was not intended to release school districts from any duty imposed by law at that time. A representative stated that the amendment was not intended to release school boards from any duties imposed by law at that time. Accordingly, a sentence was added to the amended section 10—20 that provided, "This grant of powers does not release a school board from any duty imposed upon it by this Act or any other law." 105 ILCS 5/10—20 (West 1998).

■ The interpretation of a statute is a question of law. See *Branson v. Department of Revenue,* 168 Ill. 2d 247, 254 (1995). Accordingly, we find as a matter of law that in amending section 10—20 of the School Code, the legislature did not intend to do away with the mandatory duty of school districts to indemnify and defend their employees for damage claims due to negligence. Thus, *Bridewell v. Board of Education of Shawnee Community Unit School District No. 84,* 2 Ill. App. 3d 684 (1971), remains good law, and the school district in the case at bar was statutorily obligated to defend and/or indemnify Chapman or her personal insurer for the claim brought against her by the student. Thus, despite the language in the school district's insurance policy, issued by plaintiff, that policy did provide primary coverage for this claim.

We note that in *State Farm Mutual Automobile Insurance Co. v.*

*Universal Underwriters Group*, 182 Ill. 2d 240, 246 (1998), the very case relied on by the trial court, our supreme court held that where the Illinois Vehicle Code (Code) required that a car dealer's insurance policy provide omnibus coverage for test drivers (625 ILCS 5/1—100 *et seq.* (West 1996)), the Code must be construed to require that the car dealer's insurance provides primary, and not excess, coverage despite the language of the policy and that to hold otherwise would violate the public policy of the state as expressed in the Code. The court stated as follows:

> "Even assuming, *arguendo*, that Universal is correct in its interpretation of the language of its garage policy, to give effect to that language would violate the public policy of this state, as defined by the General Assembly in the Code. As explained above, the Code mandates that the insurance policy issued by Universal provide omnibus coverage. In the absence of any statutory language qualifying that mandate, the statute must be construed to require primary coverage." *State Farm*, 182 Ill. 2d at 246.

Accordingly, we find that the insurance policy issued by plaintiff to the school district provided primary coverage for the claim against Chapman. The school district was statutorily obligated to defend and/or indemnify Chapman, or her personal insurer, against that claim. We therefore reverse the summary judgment entered in favor of plaintiff and hereby enter summary judgment in favor of defendant.

In light of this disposition, we find it unnecessary to address the second argument raised on appeal by defendant, that the most recent endorsement to the policy issued by plaintiff modifies that policy and provides primary coverage for the claim against Chapman.

For the foregoing reasons, the judgment of the circuit court of Jefferson County is reversed, and summary judgment is hereby entered in favor of defendant, Teachers Insurance Company.

Reversed; judgment entered.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.