Garsh, E. Susan, J.
Plaintiffs, Azita Bina, Babak Bina, and Beacon Hill Restaurant Group (“the plaintiffs”) filed this action against the Defendant, Robert A. Marks, Trustee of the Charles Street Realty Trust (“the defendant”) seeking, among other things, an order compelling the defendant to consent to the assignment to the plaintiffs of the leases of 41 and 47 Charles Street in connection with the plaintiffs’ purchase of the business and assets of Ristorante Toscano, Inc. (“Ristorante Toscano”). The defendant is the owner of 41 and 47 Charles Street, and both properties are currently under lease to Ristorante Toscano, which is not a party to this action, but which has assigned to the plaintiffs its breach of contract claim against the defendant. This matter is now before the court on defendant’s motion for partial summary judgment on counts one, two, five and six. For the reasons discussed below, the defendant’s motion is denied in part and allowed in part.
BACKGROUND
The undisputed facts are as follows.
The defendant is the owner and landlord of the premises located at 41 and 47 Charles Street. Ristorante Toscano is the current lessee, under two leases, of those premises, from which it operates a restaurant business.
On November 2, 2005, the plaintiffs and Ristorante Toscano entered into a purchase and sales agreement for the acquisition of the business and assets of Ristorante Toscano. As part of this agreement, Ristorante Toscano sought the consent of its landlord, the defendant, to assign its leases of 41 and 47 Charles Street to the plaintiffs. Both leases contained clauses prohibiting Ristorante Toscano from assigning the leases without the prior written consent of the landlord. The relevant lease provisions, found under Articles X and XI of the leases, respectively, provide:
Tenant shall not assign, mortgage, pledge or encumber this lease nor underlet any part of the *435 premises without, on each occasion, obtaining the prior written consent of the landlord. As used herein the term “assign” or “assignment” shall be deemed to include any transfer of the tenant’s interest in the lease whether by operation of law or the merger or consolidation of tenant with or into any other firm or corporation,
Notwithstanding anything to the contrary contained, tenant shall have the right to assign this lease subject to all of the requirements and conditions described herein, and the landlord’s consent shall be required but not unreasonably withheld or delayed, provided any such proposed assignee shall be:
1. financially viable;
2. have high quality restaurant management experience;
3. sound and decent personal reputation and character.
Tenant shall provide landlord with evidence to satisfy the above requirements.
After the defendant was notified of Ristorante Toscano’s agreement with the plaintiffs, the plaintiffs and the defendant engaged in a series of communications and meetings, and the plaintiffs provided the defendant with financial and other documentation. The defendant ultimately decided not to consent to Ristorante Toscano’s assignment of the leases to the plaintiffs.
On December 5,2005, Ristorante Toscano assigned to the plaintiffs “all of [Ristorante Toscano’s] right, title and interest in, to and under any and all choses in action and/or claims to demand specific performance or otherwise compel [the defendant’s] consent to the assignment of those certain leases . . . between [Ristorante Toscano and the defendant] ... for the premises located at 41-47 Charles Street.” On December 9, 2005, the plaintiffs commenced this action. The complaint contains counts for: 1) breach of contract; 2) declaratory judgment; 3) tortious interference with contract; 4) violation of chapter 93A; 5) third-party beneficiary; and 6) injunctive relief. The motion for partial summary judgment pertains to the contract counts, namely counts one, two, five and six.[3]
DISCUSSION
The plaintiffs claim that the defendant breached its leases with Ristorante Toscano when it unreasonably withheld its consent to Ristorante Toscano’s assignment of the leases to the plaintiffs and that they have a right to sue by virtue of the limited assignment from Ristorante Toscano or by virtue of their status as intended beneficiaries of the leases. The defendant contends that the plaintiffs lack standing to maintain all the contract counts because they are not parties to the leases, the landlord has not consented to any assignment of the leases or of any rights under the leases to the plaintiffs, and they are only incidental beneficiaries.
Ristorante Toscano’s Assignment to Plaintiffs of its Contract Claim
The defendants argue that the lease provisions, quoted above, prohibiting Ristorante Toscano’s assignment of the leases without the prior consent of the defendant, also prohibit Ristorante Toscano from assigning its right to sue the defendant for the alleged breach of contract. The defendant asserts that because the lease prohibits “any transfer of the tenant’s interest in the lease” without the defendant’s consent, Ristorante Toscano cannot assign its right to sue its landlord because such a right is one of the tenant’s interests in the lease. The plain language of the lease, however, does not support the defendant’s position.
Interpretation of the lease agreement is a question of law. A contract is to be construed to give reasonable effect to each of its provisions. Sarvis v. Cooper, 40 Mass.App.Ct. 471, 475 (1966).
Under Massachusetts law, a contractual right can be assigned unless such assignment is expressly forbidden by the terms of the contract or by a controlling statute or if the substitution would materially change the duty or risk of the obligor. American Employers’ Insurance Co. v. City of Medford, 38 Mass.App.Ct. 18, 22 (1995). See also Restatement (Second) of Contracts §317(2) (1981).
The lease provisions at issue only prohibit the tenant from assigning “this lease.” There has been no assignment of “this lease.” Further the language clarifying that the term “assign” or “assignment” should be construed to “include any transfer of the tenant’s interest in the lease” makes clear that the word “assignment” is to be very broadly construed; that provision, however, does not purport to define, or in any way seek to modify, what it is that cannot be assigned, namely “this lease.” Indeed, in broadly defining the word “assign,” as “any transfer,” the lease again refers to the object of the prohibited assignment as the “tenant’s interest in the lease, ” and not as “any interest of the tenant in the lease” or as “any contract rights arising from the tenant’s interest in the lease.” Ristorante Toscano’s contract right to sue the defendant for breach of the lease is separate and distinct from and not inextricably bound up with the lease itself.
If the parties had intended to limit the tenant’s ability to assign its rights to sue the landlord for failure to consent to an assignment, they could have specifically included such language in the lease. They chose not do so, including instead only a limitation on the lessor’s ability to assign the lease itself. Construing the lease to permit the assignment at issue is a reasonable and practical construction of the relevant contract language, and it is consistent with the Restatement (Second) of Contracts, §322(1) (1981). That section *436 provides that “[u]nless the circumstances indicate the contraiy, a contract term prohibiting assignment of ‘the contract’ bars only the delegation to an assignee of the performance by the assignor of a duty or condition.” The circumstances do not indicate the contraiy.
The court rejects, however, the plaintiffs alternative argument that even if the contract were to be construed as explicitly prohibiting assignment of the right to sue the landlord for its failure to consent to the assignment, they nevertheless would be allowed to maintain their contract causes of action under the principle of law articulated in subsection 2(a) of Restatement (Second) of Contracts, §322. Section 2(a) provides that “[a] contract term prohibiting assignment of rights under the contract, unless a different intention is manifested, does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor’s due performance of his entire obligation.” The parties have cited no case in Massachusetts adopting this rule of contract construction. Even if it were deemed accurately to reflect Massachusetts law, it would not permit this suit to proceed had the leases explicitly prohibited assignment of rights under the contracts. The exception against parties being permitted to agree upon their own terms is very narrowly drafted. Here there is no alleged breach of the whole contract; nor has the assignor performed its entire obligation under the contract, namely the obligation to rent the premises for the term of the leases. In Illustration 2 to section 322(2), upon which the plaintiffs rely, A fully performed its contract for the sale of land and therefore could assign its rights to C, who is entitled to seek specific performance against B despite a contractual prohibition against assignment. The entire contract was the purchase and sale agreement. Nothing remained for A to do. By contrast, this dispute concerns one provision in an ongoing lease that has neither been terminated nor fully performed.
In sum, the defendants are not entitled to summaiy judgment on counts one, two and six because the leases do not require Ristorante Toscano to obtain the defendant’s permission to assign its right to sue the landlord for breach of contract.
Third-Party Beneficiaiy
The defendant maintains that the plaintiffs lack standing to bring this action as third-party beneficiaries of the leases between the defendant and Ristorante Toscano, asserting that the plaintiffs are merely incidental beneficiaries, and thus have no right to sue on the contract. The court concurs.
The Supreme Judicial Court has explicitly adopted Restatement (Second) of Contracts, §302 (1981) with regard to both creditor and other types of intended beneficiaries. Miller v. Mooney, 431 Mass. 57, 61 (2000); Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). Section 302 provides as follows:
(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiaiy if recognition of a right to performance in the beneficiaiy is appropriate to effectuate the intention of the parties and either
1. The performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiaiy; or
2. The circumstances indicate that the promisee intends to give the beneficiaiy the benefit of the promised performance.
(2) An incidental beneficiaiy is a beneficiaiy who is not an intended beneficiary.
Under Massachusetts law, enforcement of contract rights is limited to those who qualify as intended beneficiaries. Miller v. Mooney, 431 Mass. at 61. “It must appear from ‘the language and circumstances of the contract’ that the parties to the contract ‘clearfly] and definitefly]’ intended the beneficiaries to benefit from the promised performance.” Id. No such clear and definite intent is evident here.
The defendant and Ristorante Toscano entered into the relevant leases in 1992, some fourteen years before Ristorante Toscano’s request for consent to the assignment of the leases to the plaintiffs. As the plaintiffs concede, nothing would warrant the conclusion that the plaintiffs themselves were specifically intended beneficiaries of the leases between Ristorante Toscano and the defendant. However, it is not essential to the creation of intended beneficiaiy status that the intended beneficiaiy be included by name in the contract. Restatement (Second) of Contracts, §302 (1981).
Plaintiffs argument that recognition of a right to assign, albeit with the landlord’s consent, indicates that the parties intended the putative assignee be an intended beneficiaiy is not persuasive. There is no manifestation, express or otherwise, of an intent to benefit a potential assignee. Indeed, to find that a putative assignee was intended to have the right to enforce the tenant’s right to require the landlord not to unreasonably withhold his consent to an assignment would subject both the landlord and the tenant to an uncertain, unknown third party over which neither the promisor nor promisee has any control. If, for example, a tenant faced with a landlord’s refusal to consent to an assignment had another potential assignee in mind and was willing to waive any possible breach in order to expeditiously relieve himself from his obligations under the lease, he could not do so if the first potential assignee was an intended beneficiaiy and chose to sue the landlord for specific performance, a suit that may take months or even years ultimately to wend its way to final resolution. Accordingly, recognition of a right to performance in the beneficiaiy would often frustrate, rather than effectuate, the intentions of the parties by taking away the tenant’s flexibilify in the event of an arguable breach. Proper performance of the contract undoubtedly inci *437 dentally benefits persons such as the plaintiffs, but because they are not intended beneficiaries, no duly to them has been created by the assignment language contained in the leases.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for partial summary judgment be and hereby is DENIED as to counts one, two and six and that it be and hereby is ALLOWED as to count five.

 Trial on liability was expedited. The defendant’s motion for summary judgment was filed the day before the scheduled trial date and was argued before the hearing on the defendant’s motion in limine.